### MORSS *v.* KNAPP *et al.*

*(Circuit Court, D. Connecticut. January 15, 1889.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—DRESS-FORMS.

In the device described in letters patent No. 233,240, to John Hall, dated October 12, 1880, for an adjustable dress-form, the upper of two series of oppositely inclined braces are hung by their inner ends to an adjustable collar on the standard, and, extending obliquely downward, are hinged to the respective ribs. The braces of the lower series are hinged to a lower adjustable collar, and, extending obliquely upward, are hinged to the ribs at the point of hinging of the upper series. The expansion of the form is effected by elevating the lower collar, and is governed by the opposing action of the upper series. Claim 2 is for the double braces, collars, and rests, in combination with the standard and ribs, substantially for the purpose set forth. *Held* infringed by a form having a series of braces extending obliquely downward from a screw-collar on the standard to the ribs to which they are hinged, to

which braces, midway of their length, are hinged another series of braces extending thence obliquely upward at a different angle to a higher and stationary collar.[1]

In Equity.. On motion for an attachment.

The suit is by Charles A. Morss against William H. and Charles L. Knapp, to restrain the infringement of a patent.

*Charles F. Perkins* and *Payson E. Tucker*, for complainant.

*John K. Beach* and *John Dane, Jr.,* for defendants.

SHIPMAN, J. This is a motion for attachment of the defendants for contempt of this court, by reason of the alleged violation of its final decree granted at the April term, 1888, whereby they were enjoined against the infringement of the second claim of letters patent No. 233,240, to John Hall, dated October 12, 1880, for an adjustable dress-form. In the suit of the present plaintiff against Ufford *et al.*, upon this patent, before the circuit court for the district of Massachusetts, Judge COLT sustained the validity of said claim, and granted an injunction against its infringement. 34 Fed. Rep. 37. The defendants in this case were the real defendants in the Massachusetts case. The Uffords were their agents and were nominal parties. When this case for the same infringement was reached in this court,[2] (the counsel being the same as in the Massachusetts case,) no argument was made, as it was known that I regarded the questions as already adjudicated between the parties by the final decree in the First circuit. The question of infringement in both cases turned upon the equivalence of the defendants' devices with the sliding blocks and the rests of the Hall patent. Thereupon the defendants modified their form with respect to the braces, which were not in dispute in the original case, and placed the new form upon the market. The plaintiff then brought a bill in equity in the First circuit against the Domestic Sewing-Machine Company, which had become the defendants' selling agents for this new alleged infringement of the same claim of the patent, and upon motion for a preliminary injunction, and after hearing, Judge COLT, on August 4, 1888, granted the motion.[3] The sewing-machine company was notified of the injunction order on August 25th. In that case, also, the Knapps were the real defendants, and had knowledge of

[1] Same patent involved in Morss v Manchester, 32 Fed. Rep. 282.

[2] Not reported. See 35 Fed. Rep. 218.

[3] MORSS *v.* DOMESTIC SEWING-MACHINE CO.
(*Circuit Court, D. Massachusetts.* August 4, 1888.)

In Equity. On motion for a preliminary injunction.

Suit by Charles A. Morss against the Domestic Sewing-Machine Company, to restrain the infringement of letters patent No. 233,240, issued to John Hall, October 12, 1880, for improvements in dress-forms.

*C. F. Perkins* and *P. E. Tucker*, for complainant.

*John Dane*, for defendant.

COLT, J. This is a motion for a preliminary injunction. In *Morss v. Ufford*, 34 Fed. Rep. 37, this court, upon final hearing, sustained the validity of the second claim of the Hall patent of October 12, 1880, for improvements in dress-forms, and held that defendants infringed. It does not appear to be denied that the real party in interest as defendant in that suit was the present defendant, who is the sole or principal agent for

said injunction. They continued to manufacture in this district, and to sell the new dress-form; and for the alleged violation of the decree of this court this motion for attachment is made.

As the order in the First circuit for a preliminary injunction, not being a final decree, does not work a technical estoppel against the defendants, it becomes necessary to re-examine and to decide the same question which was before Judge Colt. It may be said, however, that when the circuit court for the district of Massachusetts had enjoined against the use of the modified form, in a suit wherein the manufacturers were the real and active defendants, and had an intimate knowledge of the proceedings, the subsequent manufacture by them, in Connecticut, of the same form, if it was an infringement, was not an ignorant or a thoughtless or a hasty one. The invention is an improved dress-form, "by means of which every part of the device is rendered adjustable, so that it may be applied to a dress of any size or style, and fill it out perfectly." The principle of the invention is the expansion or adjustment of a skeleton frame radially, in all directions, from a common center. A central pole, or standard, supports the entire form. In the part which supports the skirt, upright, thin, elastic ribs are held towards the standard by elastic bands secured to each rib. There are two series of oppositely inclined braces, one above the other. Those of the upper series are hung by their inner ends to a collar on the standard, and, extending obliquely downward, are hinged to the respective ribs. The braces of the lower series are hinged by their inner ends to a lower collar on the standard, and, extending obliquely upward, are hinged to the ribs at the point where the members of the upper series are hinged. The two collars, called "sliding blocks," are adjustable. When the form requires expansion, the lower collar is elevated, which expands the lower series, but the expansion is governed by the opposing action of the upper series, which compels the movement of the ribs to be substantially parallel with the central standard. The second claim is as follows:

"In combination with the standard, $a$, and ribs, $c$, the double braces, $e^2$, sliding blocks, $f^1$, $f^2$, and rests, $h^1$, $h^2$, substantially as and for the purpose set forth."

In the modified form of the defendants, there is a series of braces which are hung by their inner ends to a screw-collar on the central standard, and, extending from the collar obliquely outward, are hinged to the ribs. Above the screw-collar is a second stationary collar, to which wire links or braces are hung, which, extending obliquely downward, but at a different angle from the members of the other series, are hinged to the braces of the other series midway of their length. The double braces of the Hall patent are, in fact, oppositely inclined to each other; and, by reason of this opposing action, the expansion is not like that of a Japanese um-

the Union Form Company of New Haven, Conn., who manufactures the infringing dress-forms. I see no reason, upon the papers before me, to change the conclusions reached in the first case; and under the circumstances I think the plaintiff is clearly entitled to a preliminary injunction. If the opinion in *Morss* v. *Ufford* is wrong, the defendant has the right to have it reviewed by the supreme court on appeal. Injunction granted.

'brella, but the ribs continue substantially parallel with the standard, and the expansion radiates in all directions. The sole question in regard to the modified form is whether its double braces have the opposite inclination to each other of the Hall braces. There is nothing in the claim or in the specification of the Hall patent which demands that the two sets of braces should continuously hang in absolutely different directions. If there was, the defendants' new form would not infringe, because its two sets of braces hang downwardly. It is necessary that the braces should oppose and control each other by opposing action, so as to compel radial expansion or contraction in all directions from the central standard. The two sets of the defendants' braces hang downward in the same general direction, but at different angles, and the difference in the angles is so great that the upper set always operates against and counteracts the movement of the lower set. The outer ends of each set cannot move "towards or away from the standard without changing the distance between the inner ends," and as this distance changes, radial expansion in all directions changes. The different sets of braces in the two forms perform the same function by the same mechanical means.

I find that the defendants have been guilty of contempt by continuing a manufacture and sale which they had adequate reason to know was in violation of the decree of this court, and should pay a fine of $50 and the costs of this application and of the affidavits within 30 days from the date of the order; and, if not paid on or before the expiration of said time, the defendants stand committed until the same be paid; and that, when paid, the sum be paid over to the plaintiff in reimbursement.