## BASSICK MFG. CO. v. STANDARD PRODUCTS MFG. CO. et al.

District Court, D. Delaware. December 14, 1925.

No. 554.

1. Patents ⚙178—Where patent does not manifest intention of patentee to restrict monopoly to precise structure set out in claims, doctrine of equivalents may be invoked.

Where patent does not manifest intention of patentee to restrict patent monopoly to precise form of structure set out in claims, doctrine of equivalents may be invoked.

2. Patents ⚙328—Gullborg patent, No. 1,307,-733, claims 3, 4, and 5, for lubricating apparatus, and Gullborg patent, No. 1,307,734, claims 1, 2, 4, 8, and 12, for lubricating means, held infringed.

Gullborg patent, No. 1,307,733, claims 3, 4, and 5, for lubricating apparatus, and Gullborg patent, No. 1,307,734, claims 1, 2, 4, 8, and 12, for lubricating means, held infringed.

In Equity. Patent infringement suit by the Bassick Manufacturing Company against the Standard Products Manufacturing Company and Matt Finger. Decree for plaintiff against defendant first named, and bill dismissed as to defendant last named.

William S. Hilles, of Wilmington, Del., and Lynn A. Williams, of Chicago, Ill., for plaintiff.

Aaron Finger, of Wilmington, Del., and William Steell Jackson, of Philadelphia, Pa., for defendants.

MORRIS, District Judge. The Bassick Manufacturing Company, the plaintiff, and the owner of United States letters patent Nos. 1,307,733 and 1,307,734, granted to A. V. Gullborg June 24, 1919, here asserts that claims 3, 4, and 5 of the former and claims 1, 2, 4, 8, and 12 of the latter patent have been infringed by the defendant Standard Products Manufacturing Company. Matt Finger also was originally made a defendant, but the plaintiff conceded at the trial that the bill should be dismissed as to him. The patents are for improvements in "lubricating apparatus" and "lubricating means," respectively. Each is particularly concerned with means for supplying lubricating grease to bearings which are more or less inaccessible. It is under the protection of these and some other

patents that the so-called "alemite system of lubrication" has been manufactured and sold by the plaintiff.

The specification of the earlier patent states that one object of the invention is to provide means comprising a novel grease pump, which co-operates with "a grease cup of novel construction to entirely fill the grease cup without wasting any of the lubricating grease." It further says that the "grease cup comprises a tubular member having the screw threads at one end thereof for securing them to a bearing, and the other end thereof being flanged inwardly for the purpose of providing a seat for the ball closure. This closure is urged against its seat by means of a compression spring, which is confined between the pin and the closure. The central portion of my grease cup is hexagonal in cross-section, thereby providing means for receiving the jaws of a wrench to screw the cup into place." (References to drawings omitted.) Claim 3, typical of those in suit, is:

"A grease cup comprising a tubular member having screwthreads at one end and having the other end flanged inwardly to provide a closure seat, a closure, a pin extending through said tubular member and on both sides thereof, and a spring confined between said pin and closure and tending to hold said closure on said seat."

The alleged infringing devices are "grease cups" or fittings manufactured and sold by the defendant company. The defendant does not challenge the validity of the patent. On the issue of infringement it divides its cups into three classes. It admits infringement by those typified by Plaintiff's Exhibit No. 8. It denies infringement by those represented by Plaintiff's Exhibits Nos. 9 and 10, in that, as it contends, the latter types "do not correspond to the language of the claims and do not contain the mechanical equivalents of the parts differing from them."

Since the only difference between Exhibit No. 9 and Exhibit No. 10 is that in the former the "closure" is in shape a rod, and in the latter a ball, the two may be here considered together. They are grease cups of the same outward size, form, and appearance as Exhibit No. 8. They differ from Exhibit No. 8 and the form of structure called for by the claims only in that in them the internal portion of the pin is eliminated and the spring is confined, not between closure and pin, but between the closure and a flange or internally projecting rib or rim at the threaded end of the tubular member. Whether in the fabrication of these cups by the defendant a single pin is driven through the tube and the internal

portion of the pin subsequently eliminated, or whether two shorter pins are used and they are driven into the tube only to the extent necessary to bring their internal ends flush with the inside walls of the tube does not appear from the evidence. But I think it immaterial which method is followed. As I view the matter, the only questions here presented are whether the patent is restricted to the precise structure of the claims, or is entitled to a range of equivalents, and, if the latter, whether the internally projecting flange, rib, or rim is an equivalent, within that range, for the eliminated internal portion of the pin. Each functions only as a seat for the spring.

[1, 2] Neither the file wrapper and contents nor the state of the prior art was put in evidence. There is nothing in the patent itself which, in my opinion, manifests an intention on the part of the patentee to restrict his patent monopoly to the precise form of structure set out in the claims. It follows that the plaintiff may invoke the doctrine of equivalents. Whether the plaintiff is here entitled to a wide range of equivalents or a narrow one, under the well-settled rule that a greater degree of liberality and a wider range of equivalents are permitted where the patent is of a pioneer character than when the invention is a slight improvement (Paper Bag Patent Case, 210 U. S. 405, 415, 28 S. Ct. 748, 52 L. Ed. 1122), cannot, in view of the state of the record with respect to the prior art, be here determined. But such determination is unnecessary, for it is obvious that defendant's structure is of such character that it would be embraced within any range of equivalents, however narrow. See Lepper v. Randall, 113 F. 628, 51 C. C. A. 337 (C. C. A. 3). It follows that defendant's grease cups or fittings of the type shown by Plaintiff's Exhibits Nos. 9 and 10, as well as by the type evinced by Plaintiff's Exhibit No. 8, infringe the specified claims of patent No. 1,307,733.

Since, by reason of the foregoing conclusion, an injunction as prayed for must issue, and an accounting be awarded, and since both patents were granted upon the same day, it is needless to say more with respect to patent No. 1,307,734, whose validity is likewise unquestioned, or with respect to other evidence touching this branch of the case, than that I am of the opinion that the defendant by the manufacture and sale of its grease cups, Plaintiff's Exhibits Nos. 8, 9, and 10, under the circumstances shown by the record, became as well a contributory infringer of the claims of that patent here in issue.

A decree in conformity herewith may be presented.