**LARKIN AUTOMOTIVE PARTS CO. et al. v. BASSICK MFG. CO.**

Circuit Court of Appeals, Seventh Circuit. April 25, 1927.

No. 3823.

1. Judgment ⟐564(2)—Decree finally determining issue and settling controversy is sufficiently final to determine other litigation of parties respecting same issues.

If decree in fact finally determines issues presented by pleadings, and settles controversies over the subject-matter involved, it is sufficiently final to determine other litigation between same parties respecting same issues, regardless of fact that it may in legal nomenclature be termed an interlocutory decree.

2. Patents ⟐327(4)—Circuit Court of Appeals decree determining validity and infringement of patent held final decree for purpose of applying doctrine of res judicata.

Decree of Circuit Court of Appeals *held*, for the purposes of applying doctrine of res judicata, a final decree in so far as it determines validity and infringement of patent involved.

3. Patents ⟐328—No. 1,307,733, for lubricating device, claims 3, 4, and 5, held valid and infringed.

Gullborg patent, No. 1,307,733, for lubricating device, claims 3, 4, and 5, *held* valid and infringed.

4. Patents ⟐328—No. 1,475,980, for lubricating system, held valid and infringed.

Zerk patent, No. 1,475,980, for lubricating system, *held* valid and infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement by the Bassick Manufacturing Company against the Larkin Automotive Parts Company and another. Decree for plaintiff, and defendants appeal. Af-

firmed, and order of District Court staying enforcement of decree vacated.

Alfred M. Allen, of Cincinnati, Ohio, and John E. Stryker, of St. Paul, Minn., for appellants.

Lynn A. Williams, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This appeal involves the validity and infringement of three patents, to wit, Gullborg patent 1,307,733, Gullborg patent 1,307,734 and Zerk patent 1,475,980, all owned by appellee. Before considering the defenses to Gullborg's second patent, we must determine the effect of a recent decision of the Circuit Court of Appeals of the Sixth Circuit (18 F.[2d] 29), wherein the claims here contested were sustained and found to be infringed.

Upon motion of appellee and with consent of appellants, the decree appealed from in that case, the opinion of Judge Denison, and the mandate of that appellate court have all been filed herein. From this record it appears that in one suit appellee sued appellant Larkin Automotive Parts Company in the District Court of Ohio and a decree for plaintiff was entered. No appeal was taken. A year later, when an accounting was in progress, the court entered an order modifying somewhat its interlocutory decree, and holding that certain of the defendant's products did not infringe this patent. An appeal was then taken by the appellee herein, and the court held that the claims of the patent here involved were valid and infringed.

While this suit was pending, the instant suit was brought in the Northern District of Illinois, and Judge Lindley found the patent valid and infringed. 19 F.(2d) 939. From this decree appellants prosecuted the present appeal. Much space may be saved by a reference to these two decisions for a statement of the facts, the prior art, the claims involved and a discussion of the issues presented. These facts invoke the doctrine of 'res adjudicata or estoppel by judgment (Hart Steel Co. v. Railroad Supply Co. 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148), unless we conclude that the decree of the Circuit Court of Appeals of the Sixth Circuit is not final.

[1] Final, as used by the courts when dealing with the subject of res adjudicata, is not to be determined by adjective terms. If the decree in fact finally determines the issues presented by the pleadings and settles the con-

troversies over the subject-matter involved, it is sufficiently final to determine other litigation between the same parties respecting the same issues, regardless of the fact that it may be in legal nomenclature termed an interlocutory decree.

[2] The Larkin Automotive Parts Company cannot further contest the validity of the claims involved in this patent in the Ohio litigation. We conclude, therefore, that for the purposes of applying the doctrine of res adjudicata the decree of the Circuit Court of Appeals is a final decree, so far as it determines the validity and infringement of claims 1, 2, and 6 of Gullborg patent 1,307,734.

We recognize that the doctrine of res adjudicata in its strict sense may not be readily applied in patent suits, because the infringement in the second suit would not ordinarily be identical with the infringement in the first suit. It would doubtless be more accurate to use the term "estoppel by judgment" than the term "res adjudicata," when applying the doctrine to patent suits. The result, however, is the same.

But we are not required to rest our decision solely on the doctrine of estoppel by judgment. As to appellant Montgomery Ward & Co., no estoppel exists, for it was not a party to the Ohio litigation. We believe, however, that the rule of comity leaves us no alternative but to affirm the decision of the District Court.

Appellee has sustained the claims of this patent here involved in over 60 federal District Courts. In at least 35 suits, the infringers contested the validity of the patent. In every instance the patent was sustained. We see no reason why the rule of comity should not be applied to patent suits, where the reason for the rule exists. It is true that evidence bearing upon the prior art, as well as the issue of infringement, may often differ on the second trial. Of course, if the difference is material, the rule of comity has no application. In fact, it should not be overworked in any case. There is doubtless more danger of its too frequent appliance than otherwise. Certainly, where only one other court has passed on the validity of the patent, this court would not be relieved of its duty to exercise its judgment, uncontrolled by the decision of the other court. But where the question of validity, as here, turns upon the effect of the inventor's advance over the prior art, the opinions of other judges should not be ignored. In fact, when numerous courts have thus spoken, and all have reached

the same conclusion, the question is practically settled. As was stated in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 489, 20 S. Ct. 710, 44 L. Ed. 856: "The obligation to follow the decisions of other courts in patent cases, of course, increases in proportion to the number of courts which have passed upon the question, and the concordance of opinion may have been so general as to become a controlling authority."

[3] *Gullborg Patent 1,307,733.*—This patent likewise was involved in both of the decisions cited above. No contention is made, however, that the Ohio decision is binding here for the parties are not the same. This patent, however, has been before many District Courts and has been uniformly sustained. Its validity has been assailed in some 20 different suits. In each instance, the attack failed. It has been so construed as to permit of a liberal equivalency of its novel element. In fact, in the Sixth Circuit Court of Appeals decision, one of the infringing devices was similar to the device manufactured by appellant.

Appellant frankly concedes that on the issue of validity the only question is one involving invention. In other words, did the introduction of the novel element in the combination evidence mechanical skill or inventive genius? In view of the discussion of these patents in the opinions referred to, nothing will be accomplished by an elaboration of our views. We conclude that claims 3, 4, and 5 of this patent are valid and infringed.

[4] *Zerk Patent 1,475,980.*—Three claims (2, 3, and 5) are involved. Claim 2 is herewith set forth:

"2. In a lubricating apparatus the combination with a lubricant receptacle element of a lubricant reservoir element of a lubricant reservoir for supplying lubricant thereto, means to put the lubricant in the reservoir under pressure, a lubricant feeding nozzle element, said reservoir communicating lubricant under pressure thereto, said receptacle element and said nozzle element having co-operative substantially noncompressible contact faces and opening therethrough, the nozzle contact face having a concavely spherical surface, the other contact face having a dirt-cutting circumferential edge portion adapted to be embraced within the spherical surface of the nozzle face and providing the sole contact therewith when the nozzle is pressed against the receptacle element from any one of a plurality of angularly different directions, to make a sealed, substantially nonyielding lubricant conducting connection between the face openings."

Figure 3 of the drawing is also reproduced, as illustrating the novel elements of the claim:

The asserted novelty of this patent lies in the "concavely spherical surface of the nozzle" and a "dirt-cutting circumferential edged part adapted to be embraced within the spherical surface of the nozzle face." The results indicate that the introduction of these novel elements in the combination added materially to the solution of the problem that confronted the designer of apparatus for greasing automobile cars. Upon the oral argument we were given a demonstration of its successful workings. The grease was placed under high pressure and with no leakage at the point of contact between the nozzle and the dirt-cutting edge of the nipple. Witnesses testified to the necessity of high grease pressure—that with the Zerk apparatus, pressure of 8,000 pounds per square inch was obtainable. Under such pressure, the grease was transferred to the bearing without leakage at the joints. The advantages of such results are obvious and need not be elaborated. It must be admitted, however, that advantageous as are the results, and novel though the elements be, invention does not appear unless such an advance over the prior art was made as represented the genius of the inventor rather than the skill of the mechanic.

Appellants insist that this advance represents merely mechanical skill, and was partially, if not fully anticipated, by the so-called White Company's lubricating system. Perhaps the best answer to this asserted anticipation is the action of the White Company. The White Motor Company abandoned its apparatus when appellee's lubricating system appeared on the market. It was one of the first manufacturers to adopt the Zerk equipment. Without going into detailed statement of the differences between White's apparatus or Wallace's patent, No. 1,494,652 and Zerk's apparatus, we will content ourselves by saying that neither was an anticipation of the concept or the structure of Zerk.

What Zerk undertook to do was, as he says, to design a cheaper gun that could be handled in one hand, and do away with the dust caps and provide means for excluding dust and to get a perfect metal to metal contact between the feeding nozzle element and the lubricant receptacle element upon the automobile, by making a dirt-cutting circumferential edge portion upon one element to fit into an angle the conically spherical element of the other element. While there are certain important features described in the specifications, apparently not covered by the claims in suit, we are of opinion that the Zerk construction, made in accordance with the claims, is a distinct advance in the respects described by him over the known practices of the art and that claims involved 2, 3, and 5, are valid.

It is hardly necessary to discuss the question of the infringement of these claims for they were all clearly infringed. When this appeal was allowed, the court stayed the injunctional part of its decree, upon the understanding that this case would be presented to this court at the October, 1926, session. In view of the delays that have occurred in hearing and disposing of this appeal, we think it necessary for the due protection of the prevailing party that this order be vacated.

The decree is affirmed. The order of the District Court, staying the enforcement of the decree, is hereby vacated.