## BASSICK MFG. CO. v. LARKIN AUTOMOTIVE PARTS CO.

District Court, N. D. Illinois, E. D. December 5, 1927.

. No. 5180.

**I. Patents ⊂⇒327(4)·—Decree of perpetual injunction against patent infringement, including order of reference to ascertain damages, was "interlocutory," and not "final," and did not operate as estoppel or res judicata.**

Decree awarding perpetual injunction in patent infringement suit, but including an order of reference to a master to ascertain the damages suffered because of the infringement, was merely interlocutory, and not final, and did not operate as an estoppel in a subsequent suit under doctrine of res judicata or estoppel by judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interlocutory.]

**2. Judgment ⊂⇒542—Where record disclosed court lacked jurisdiction of subject-matter, decree in respect thereto was ineffective as estoppel.**

Where record affirmatively disclosed that court had no jurisdiction of a certain subject-matter, because not in issue in the pleadings or in the evidence, any decree attempting to adjudicate such matter was of no effect as an estoppel.

**3. Patents ⊂⇒327(10)—Plaintiff's failure to assert another patent than one involved in infringement suit against defendant's device did not estop plaintiff from complaining of device in subsequent suit.**

In patent infringement suit, plaintiff's failure to assert another patent than one involved in the suit against defendant's alleged infringing device did not estop plaintiff from complaining of such device in subsequent suit, under doctrine of res judicata or estoppel by judgment.

**4. Judgment ⊂⇒540—Doctrine of "res judicata" requires that parties and subject-matter must have been same in both actions.**

The doctrine of res judicata requires that not only must the parties have been the same in the earlier and later actions, but the subject-matter must have been the same.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

**5. Judgment ⊂⇒717—To ·create "estoppel by judgment," where subject is not identical, fact must have been adjudicated in former action.**

To create an estoppel by judgment, where the subject-matter of the case is not identical, it must be shown that the particular right, question, and fact in controversy in the later action was necessarily adjudicated in the earlier one.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel by Judgment.]

**6. Patents ⊂⇒328—1,307,733, claims 3, 4, 5, for lubricating device, held valid and infringed.**

Gullborg patent, No. 1,307,733, claims 3, 4, 5, for lubricating· device, *held* valid and infringed.

**7. Patents ⊂⇒328—1,307,734, claims 14, 15, for lubricating device, held contributorily infringed.**

Gullborg patent, No. 1,307,734, claims 14, 15, for lubricating device, *held* contributorily infringed.

**8. Patents ⊂⇒301(1)—Preliminary injunction in patent infringement suit will not be denied merely because of defendant's pending application asking another court's advice respecting . infringement.**

Preliminary injunction in patent infringement suit will not be denied under the doctrine of comity, merely on the ground that defendant has pending before a court in another district

an application asking that court to advise whether it may in the future commit acts actually found in this court to amount to infringement.

In Equity. Patent infringement suit by the Bassick Manufacturing Company against the Larkin Automotive Parts Company. On plaintiff's application for preliminary injunction. Application granted.

See, also, 19 F.(2d) 939.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill. (Lynn Williams, of Chicago, Ill., of counsel), for plaintiff.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill. (John Lee, of Chicago, Ill., of counsel), for defendant.

LINDLEY, District Judge. The plaintiff presents its petition for a preliminary injunction against infringement of claims 3, 4, and 5 of Gullborg patent 1,307,733, and claims 1, 2, 6, 14, and 15 of Gullborg patent 1,307,734. These patents have been previously discussed by this and other courts.[1] The only additional prior art references submitted do not impress the court. At the conclusion of the oral argument the court announced its decision that defendant had contributorily infringed claims 1, 2, 6, 14, and 15 of patent 1,307,734 by the manufacture and sale of compressors with the intention that the purchasers should combine them for use with plaintiff's Alemite pin fittings and couplers.

[1] As to the complaint that the manufacture and sale of the present Larkin pin fitting is a direct infringement of claims 3, 4, and 5 of patent 1,307,733 and a contributory infringement of claims 14 and 15 of the patent last above named, defendant insists that the contrary is established under the doctrine of res adjudicata or estoppel by judgment by the decree of the District Court of Ohio of October 14, 1924. It appears, however, that that decree was interlocutory in character. In deed, the case in which it was entered has not yet reached a final decree. The court may hereafter open the interlocutory order for rehearing upon additional proofs; it may set aside or modify the same. Consequently, being a decree awarding a perpetual injunction in a patent suit, but including an order of reference to a master to ascertain the damages suffered because of the infringement, it

is unquestionably only interlocutory, and not final, and therefore does not operate as an estoppel in a subsequent suit under any recognized doctrine of res adjudicata or estoppel by judgment. See Brush Electric Co. v. Western Electric Co., 76 F. 761. at page 763 (C. C. A. 7th Cir.); American Foundry Equipment Co. v. Wadsworth, 290 F. 195 (C. C. A. 6th Cir.); Harmon v. Struthers (C. C.) 48 F. 260; Morss v. Knapp et al. (C. C.) 37 F. 351; Stromberg Co. v. Zenith Co. (D. C.) 220 F. 154, 156; Roemer v. Neumann (C. C.) 26 F. 332; Bradley Mfg. Co. v. Eagle Co., 57 F. 980, 985 (C. C. A. 7th Cir.).

[2] However, even if the decree of the Ohio court should become final before this order is entered, the defense is not made out. The pin fitting being manufactured by defendant at the time of the hearing in Ohio appears to have been similar to the pin fitting now complained of, except that the present fitting is smaller in size. The acts of infringement now complained of involve infringement of claims 3, 4, and 5 of patent 1,307,733, none of which was involved in the prior litigation. The plaintiff now complains, also, that defendant's sale of its present pin fitting and its sale of compressors and couplers for use in conjunction therewith are in contributory infringement of claims 14 and 15 of Gullborg patent, No. 1,307,734. Upon a careful examination of the record the court. finds that, although the Ohio decree, in one paragraph, mentioned said claims, it appears that the question of their infringement by the manufacture and sale of the defendant's pin fittings was not in issue in the pleadings or in the evidence. Where the record affirmatively discloses that the court had no jurisdiction of certain subject matter, any decree attempting to adjudicate such subject matter is of no effect as an estoppel. See 34 C. J. § 834, p. 530, and section 1183, p. 768, and authorities there cited.

[3-5] As to the defense that by its failure to assert patent 1,307,733 against the defendant's pin fitting in the Ohio suit, the plaintiff is now estopped to complain of the present pin fitting, it is a complete answer to say that plaintiff was in no wise bound to assert patent 1,307,733 in that suit. The subject-matter there under consideration was patent 1,307,734, and the asserted infringement thereof. The doctrine of res adjudicata has no application for the essentials of that doctrine are not present. The doctrine requires that not only must the parties have been the same, but the subject matter must have been the same. See Cromwell v. Sac County, 94 U. S. 351, 352, 24 L. Ed. 197. Nor does the

---

[1] Lyman Mfg. Co. v. Bassick Mfg. Co. (C. C. A.) 18 F.(2d) 29; Bassick Mfg. Co. v. Standard Produce Mfg. Co. (D. C.) 19 F.(2d) 937; Bassick Mfg. Co. v. Larkin Automotive Parts Co. (D. C.) 19 F.(2d) 939; Larkin Automotive Parts Co. v. Bassick Mfg. Co. (C. C. A.) 19 F.(2d) 944.

doctrine of estoppel by judgment apply, for the reason that in order for an estoppel to be created, where the subject-matter of the two cases is not identical, it must be shown that the particular right, question, and fact now in controversy was necessarily adjudicated. No court has improved upon the language of the Supreme Court in the case last above cited in this respect. So, disregarding the fact that the Ohio decree is of such character that it cannot be interposed as an adjudication or estoppel, even if, prior to the announcement of this adjudication, it should proceed to a final decree, still for the reasons last above stated it could not then be regarded as a defense.

[6, 7] The court is of the opinion that the averments of the application for the preliminary injunction are clearly proved; that the function, method of operation, and result of defendant's present fittings are substantially identical with those of the pin fittings previously held by this court to be infringement of the claims 3, 4, and 5 of patent 1,307,733; that, though the prior art discloses each of the several elements of the Alemite pin fitting, the invention achieved a new result, involved a novel combination, and that the additional prior art, Neumeister patent, No. 1,115,007, and the Omnia publication, now submitted to the court, does not alter that situation; that the manufacture and sale of the same fitting is a contributory infringement of claims 14 and 15 of patent 1,307,734, as is also the manufacture and sale of the defendant's compressors, hose, and couplers for use in conjunction therewith; that the mere transposition and location of elements do not avoid the infringement complained of; that, though the function of the valve may have been impaired by the reversal of location of elements, this impairment does not modify the result sufficiently to avoid infringement. See King Ax Co. v. Hubbard, 97 F. 795 (C. C. A. 6, Taft, Judge).

The court has previously made its finding as to the additional contributory infringement of claims 1, 2, 6, 14, and 15 of Gullborg patent, 1,307,734, and nothing urged in the brief of the defendant impels the court to alter its decision in that respect. The defenses based upon the prosecution of the application for the Gullborg patent have been previously urged in this court,[2] as well as in the Circuit Court of Appeals.[3] The court

sees no reason to modify its conclusion in that respect.

The suggestion that the court should not issue a preliminary injunction without a full and complete hearing would appeal to the court with greater force if the question of validity of these patents were now for the first time at issue, or if the construction and acts of the defendant were of novel character. As it is, the court sees no reason why this application should be prolonged, and in view of the fact that the court has heretofore considered the questions of validity, that all of the prior art has previously been fully considered, except two new references, which the court has at this time thoroughly examined, and that the construction of the defendant is not greatly different from that of other infringers, any further delay would be without purpose.

[8] The defendant insists that this court should not proceed in this matter for the reason that the District Court in Ohio has pending before it an application on behalf of the defendant, asking of that court its advice as to whether or not the present construction can be considered as an infringement. That application recites that without defendant's consent other parties have attempted to do the thing now complained of as contributory infringement, and that defendant is anxious to know whether or not it shall advise them they may proceed. There the defendant takes the position that it has not committed any contributory infringement, but desires to ascertain whether it may proceed to do that which is now complained of. That application was filed a few days before the present application for injunction. The present application does not seek the same relief. It seeks an immediate injunction against the present violation of plaintiff's rights; it charges, and the evidence supports the charge, that the defendant was at the time of the filing of this application, and still is, infringing the defendant's patent. The court knows of no reason why it should permit the defendant to continue to infringe merely in order that it may or may not hereafter prosecute an application in another court, asking that court to advise it whether it may in the future commit the acts actually found in this court to amount to infringement. Comity does not require such action, nor is there any reason why this court should not proceed to grant the relief to which the plaintiff is entitled. There will be an order of preliminary injunction as prayed, at the cost of defendant.

2 See Bassick Mfg. Co. v. Larkin Automotive Parts Co. (D. C.) 19 F.(2d) 939.

3 See Larkin Automotive Parts Co. v. Bassick Mfg. Co. (C. C. A.) 19 F.(2d) 944.