## BASSICK MFG. CO. v. ADAMS GREASE GUN CORPORATION.

District Court, S. D. New York. April 30, 1928.

1. Patents ⊕⟶303—Whether patent infringement suit is barred by delay in entering disclaimer of invalid claims is question of fact not determinable on motion for preliminary injunction.

Whether suit for infringement of patent is barred because of unreasonable neglect or delay in entering disclaimer as to invalid claims is question of fact, which should not be determined on motion for preliminary injunction.

2. Patents ⊕⟶328—1,307,733, 1,307,734, omitting claim 12, and 1,475,980, for grease gun fittings and nipples, held valid and infringed.

Gullborg patents, No. 1,307,733 and No. 1,307,734, omitting claim 12, and Zerk patent, No. 1,475,980, relating to grease gun fittings and nipples, held valid and infringed by defendant's sale of grease gun to be used with patented couplers.

3. Patents ⊕⟶317—Trade-marks and trade-names and unfair competition ⊕⟶68(6)—Patentee's vigorous enforcement of patent rights does not preclude injunction for infringement nor render him subject to preliminary injunction for unfair competition.

Where patentee's assertion and enforcement of patent rights although vigorous, does not exceed bounds of good faith, patentee is not precluded from maintaining patent infringement suit and is not subject to preliminary injunction based on unfair competition.

In Equity. Patent infringement suit by the Bassick Manufacturing Company against the Adams Grease Gun Corporation. On motion for preliminary injunction for infringement of patents to Gullborg, No. 1,307,733 and No. 1,307,734, and patent to Zerk, No. 1,475,980, and on defendant's counter motion for preliminary injunction for unfair competition. Plaintiff's motion granted, and defendant's motion denied.

Stephen H. Philbin, of New York City, and Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiff.

Charles McC. Chapman, of New York City, for defendant.

Alfred W. Kiddle, Wylie C. Margeson, and Abraham S. Gilbert, all of New York City, amici curiæ.

THACHER, District Judge. [1, 2] These patents have been so often adjudged valid that it may well be said that the point has been reached, if not already passed, where the concordance of opinion sustaining them has become a controlling authority. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856. Finding no reason to believe that the many decisions which have already been rendered upon full considera-

tion are wrong, little need be said on the question of validity. The plaintiff's title to the patents in suit has been questioned, but this question was, I believe, rightly decided against the defendant's contention in Bassick Mfg. Co. v. Ready Auto Supply Co., Inc. (D. C.) 22 F.(2d) 331. Judge Campbell's opinion in that case disposes of the question of double patenting as between the two Gullborg patents, following Judge Goddard's decision in this court. Bassick Mfg. Co. v. John Staff et al., July 9, 1926. The contention of amici curiæ that the claims of Gullborg's patent, No. 1,307,734, are anticipated by his patent No. 1,307,733, issued upon the same date and upon a copending application, is authoritatively answered in Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co., 22 F.(2d) 259 (C. C. A. 2d). Nor do I find any ground for holding that the disclaimer of claim 12 of patent No. 1,307,734, held invalid in Lyman Mfg. Co. v. Bassick Mfg. Co., 18 F.(2d) 29 (C. C. A. 6th), has so far limited the claims there held valid as to deprive them of invention. As to whether or not the disclaimer was seasonably filed, it appears that the Lyman Case was decided March 19, 1927, and the opinion in Larkin Automotive Parts Co. v. Bassick Mfg. Co., 19 F.(2d) 944 (C. C. A. 7th), was filed April 25, 1927. On August 29, 1927, the disclaimer was filed. In the meantime this suit was commenced, June 30, 1927. Disclaimer not having been entered at the Patent Office before commencement of suit, the right to recover costs is probably gone, in view of the provisions of R. S. 4922 (35 USCA § 71; Comp. St. § 9468). But whether the suit is barred because of unreasonable neglect or delay in entering the disclaimer, is a question of fact which should not be determined upon this motion. The point is not discussed in the affidavits, and was first fairly raised upon the argument, when the disclaimer was presented. I am certainly not prepared to say that the delay in this case was under no circumstances excusable, and, the plaintiff having had no opportunity to explain the circumstances in its replying affidavits, I reserve the point for final hearing, with the comment, however, that it is at least inferable from the decision in Minerals Separation v. Butte, etc., Mining Co., 250 U. S. 336, 354, 39 S. Ct. 496 (63 L. Ed. 1019), that there must be prompt compliance with the statute, once invalidity of a claim has been finally determined, if the statutory bar resulting from unreasonable neglect or delay is to be avoided. See, also, Ensten v. Rich-Sampliner Co. (D. C.) 13 F.(2d) 132.

There remains only the question of infringement. It appears that the defendant has sold a grease gun with Gullborg and Zerk couplers, which it has purchased in the open market. There can be no doubt that these couplers were sold with its grease gun so that the purchasers might, as they undoubtedly did, use the equipment in connection with Gullborg and Zerk fittings or nipples. When this is done, the patented combination of Gullborg or of Zerk, as the case may be, is completed. This constitutes infringement, and to such infringement the defendant contributes by furnishing the gun and the coupler for this purpose. Leeds & Catlin v. Victor Talk. Mach. Co., 213 U. S. 325, 29 S. Ct. 503, 53 L. Ed. 816; Lyman Mfg. Co. v. Bassick Mfg. Co. (C. C. A.) 18 F.(2d) 29; Bassick Mfg. Co. v. Larkin Automotive Parts Co. (D. C.) 19 F.(2d) 939, affirmed (C. C. A.) 19 F.(2d) 944; Bassick Mfg. Co. v. Ready Auto Supply Co., Inc. (D. C.) 22 F. (2d) 331.

[3] The defendant has complained of the plaintiff's assertion and enforcement of its patent rights as an unfair interference with its trade. The plaintiff's conduct has been vigorous in this regard, but has not exceeded the bounds of good faith in the assertion and enforcement of rights fairly claimed under its patents. This disposes of the defense of unclean hands, and of defendant's counter motion for a preliminary injunction based on unfair competition. There can be no preliminary injunction upon defendant's motion because of plaintiff's alleged infringement of the Wilson patent, No. 988,422. This patent does not appear to have been adjudicated.

Plaintiff's motion granted. Defendant's motion denied.