JACOB ELISHEWITZ & SONS CO., Inc., v. BRONSTON BROTHERS & CO., Inc.

No. 207.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

James J. Kennedy, of New York City, for appellant.

Fritz Ziegler, Jr., of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. ▮ This is a suit for infringement of United States design patents Nos. 77,477 and 77,478. Patent No. 77,478 is for a design for braid. It shows a single ridge or rib on each side of the strip of braid and a double ridge in the center. While the rib and weave are not described, they are illustrated.

Patent No. 77,477 is for a design for imitation straw braid fabric for hats. There is an illustration of the weave as in the other patent. The design shows three ridges in close alignment and then a flat portion in series. A braid of this design may be made in practice by sewing two or more pieces of the braid of patent No. 77,478 together so that each strip will overlap a portion of the other in such a way as to produce the design of patent No. 77,477. This is the way in which defendant is said to use strips of imitation straw braid like those shown in patent No. 77,478 to make its hats.

An answer was filed setting up a great mass of prior art, but, instead of going to trial, the defendant moved to dismiss the bill because the patents are void for lack of invention and also because patent No. 77,478 is invalid for double patenting. The District Court dismissed the bill on the ground that there is nothing decorative in either design and that the purpose of securing the patents was not to protect an æsthetic design but by describing the product of a particular weaving process to prevent others from weaving, using, or selling such braid.

We cannot, on the mere face of these patents, say that there is no originality or artistic quality in the designs, or that the advantages of the two weaves are purely functional, and it is quite unimportant that the designs are mechanically useful. Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606. While neither patent is for a hat, each is for a weave that may be used in a hat. If the patents are valid, braid manufactured in accordance with their designs cannot, without infringement, be used in a hat in which the design is visible. When the presumption of validity that attends every patent is borne in mind, we cannot share in the certainty which the trial judge felt that the patents are invalid. We think that the designs are not without some artistic merit, even though apparently simple, and it is insisted on behalf of complainant that hats made in accordance therewith have met with a commercial success that indicates a strong appeal to the average buyer.

▮ The various factors affecting patentability cannot adequately be dealt with except after proof at final hearing, and it has been frequently held, particularly by this court, that motions to test validity on the ground that a patent, on its face, lacks invention should not be granted unless invalidity is absolutely clear. Frank v. Western Electric Co. (C. C. A.) 24 F.(2d) 642; Simson Bros. v. Blancard (C. C. A.) 22 F.(2d) 498; Dubilier Corporation v. New York Coil Co. (C. C. A.) 20 F.(2d) 723; Conway v. White (C. C. A.) 292 F. 837; Bayley & Sons v. Blumberg (C. C. A.) 254 F. 696. We may adopt as applicable the language of the Supreme Court, where a design patent for a rubber mat had been attacked by a demurrer, in New York Belting Co. v. New Jersey Rubber Co., 137 U. S. at page 450, 11 S. Ct. 193, 195, 34 L. Ed. 741:

"Whether or not the design is new is a question of fact, which, whatever our impressions may be, we do not think it proper to determine by taking judicial notice of the various designs * * * which may and should be raised by answer, and settled by proper proofs."

▮ The contention that patent No. 77,478 is void for double patenting because the design

of No. 77,477 may be formed by sewing together two or more pieces of braid of patent No. 77,478 is quite unsound. The designs of the two patents are different to the eye, and, if defendant designs a hat with a weave like that shown in patent No. 77,477 by sewing together the strips of patent No. 77,478, it need not do this. Moreover, the braid of patent No. 77,478 has an upper rib which must be overlapped if strips of this patent are sewed together to make a design like that of No. 77,477 which is assumed to be used by the defendant. It may very likely be that a construction which would cover the upper rib of No. 77,478 and render it invisible so differs from the design of No. 77,478 as to prevent infringement of No. 77,478 while leaving No. 77,477 infringed. But whether or not such would be the case, and however the strips may be made, the designs are manifestly different, so that there is no double patenting.

It seems clear to us that the question of the originality of the designs and of infringement by the defendant should be dealt with after taking evidence as to the prior art, commercial success, and any other pertinent matters, and ought not to be settled on such a meager record as a demurrer affords. While we in no way suggest that either of the patents is in fact valid, we are of the opinion that all questions of validity and infringement should await final hearing.

The decree is reversed.