## KUTE KIDDIES COATS, Inc. v. GREENBLATT.

United States District Court, · S. D. New York.

Nov. 21, 1950.

Clarence W. Archibold, New York City, for plaintiff.

E. Henry Shappiro, New York City, for defendants.

CONGER, District Judge.

Motion by defendants for an order dismissing the first cause of action herein and praying for judgment for defendants.

In their moving papers defendants do not so state, but I assume that they are asking for summary judgment pursuant to Rule 56 Fed.Rules Civ.Proc. 28 U.S.C.A., on this first cause of action.

This is a civil action in and by which plaintiff asks for an injunction enjoining defendants from infringing or violating U. S. Letters Patent No. 2,408,537 of plaintiff and for costs and accounting of profits and damages [first count] and for declaratory judgment among other things decreeing that U. S. Letters Patent No. 2,483,344 owned by defendant Jewel Togs, Inc. be declared invalid and void.

The second cause of action is directed only against the defendant Jewel Togs, Inc. Both defendants have answered and both deny generally the allegations of the complaint as to infringement and the validity of plaintiff's patent. The defendant Jewel Togs, Inc. in its answer sets up a counterclaim against plaintiff for money damages alleging that the charge of infringement is baseless, not made in good faith but made with the intention of causing damage to defendant's business.

Both plaintiff and defendant Jewel Togs, Inc. are manufacturers and each manufacturer puts out to the trade a child's one piece garment.

Each has a patent covering such a garment. Defendant's patent is not before me. I am not sure whether defendant contends that its garment follows its patent or whether it follows the garment covered by a French Patent [Lemercier].

It seems to me that this case should not be tried in parts; that the two causes of action are so entwined that they should be tried together when both patents may be examined. Then again, defendant's counterclaim should be tried at the same time as the rest.

If I find no infringement here, then defendant's counterclaim will have to be tried. All in all, I feel it more in the interest of orderly procedure to try the three branches of this case together.

The granting of summary judgment herein will not save protracted litigation.

I feel I might be able to pass on the question of infringement from an examination and comparison of the product made by each party, but on this issue there seems to be a serious dispute on the evidence before me. Defendant has offered in evidence a photograph of one of its garments on a child. [Ex. A] Plaintiff claims that this garment is not properly positioned in a normal manner on the child. There may be some merit in plaintiff's contention. An examination of the two garments to my untutored eyes would indicate that defendant's garment should go further up on the child's body than as shown in the photograph.

If I decide there is no infringement, then I would have to pass on the question of plaintiff's patent.

On this question I have the affidavit of two experts; one a patent attorney and counsel for the defendants in this action swears that plaintiff's charge of infringement is untenable and without basis and that plaintiff's patent is invalid "in toto." On the other hand, I have the affidavit of a patent attorney who acted as patent counsel and solicitor for plaintiff's assignor in the filing and prosecution before the U. S. Patent Office of the patent now owned by plaintiff. In an affidavit he swears that plaintiff's patent is valid and infringed by defendant's garment.

I might be able to pass on these two divergent opinions, but I feel that I would not be doing justice between these two parties if I did attempt to do so.

Plaintiff contends that it is impossible to decide this case on affidavits alone, especially in view of the fact that plaintiff's patent has never been adjudicated. I am inclined to agree with plaintiff in this respect.

Defendants claim in the moving papers herein that plaintiff's patent was anticipated by the Emery Patent [No. 1,192,288, July 25, 1916] and by the Addonisio Patent [No. 2,312,860, March 2, 1943].

The Addonisio patent is not before me but plaintiff claims that this patent shows a garment for an infant wearing diapers and was so constructed to facilitate quick changes for a young infant. This may be so, but I cannot so find because, as I said before, that patent was not shown to me on this motion.

Each counsel has referred to the file wrapper of plaintiff's patent but it is not before me. Plaintiff claims that both the Emery patent and Addonisio patent were cited against plaintiff's application in the Patent Office but that plaintiff's solicitor "successfully demonstrated to the satisfaction of the Patent Office that neither patent covered plaintiff's construction and the claims were duly allowed."

I realize that the issuance of a patent is only presumptive evidence of patentability, but that presumption may be stronger if the prior art raised against it now was considered by the Patent Office when it granted the patent. At any rate before passing on this question I would like to see the file papers in the Patent Office.

On the papers before me I feel that were I to grant defendants' motion I might not be doing a complete justice between these parties.

Motion denied.

Settle order.