**VAN BRODE MILLING CO., Inc.,**
**Plaintiff,**

v.

**KRAVEX MANUFACTURING CORP.**
**and Gary Enterprises, Inc.,**
**Defendants.**

Civ. 17591.

United States District Court
E. D. New York.

Nov. 25, 1957.

Kirschstein, Kirschstein & Ottinger and David B. Kirschstein, New York City, for plaintiff.

Kane, Kessler & Proujansky, New York City, Edward Halle, New York City, of counsel, for defendants.

ZAVATT, District Judge.

In this action plaintiff sues the defendants for infringement of its patent and for unfair competition. By their answer, as amended, the defendants deny the material allegations of the complaint; as a separate defense, allege that the plaintiff's patent is invalid upon several grounds; counterclaim for unfair competition and for judgment declaring that the plaintiff's patent is invalid. Plaintiff's first count is grounded upon United States Letters Patent No. 2,710,660 issued on June 14, 1955 to the plaintiff as assignee of Sidney Coleman, the alleged inventor, for an invention in "Battery Hold-Down Frame of Synthetic Rubber Resin Material". The defendants allege, as a separate defense, that Sidney Coleman is not the original, first and true inventor of the alleged invention purported to be covered by the Letters Patent and that the patent is invalid for a variety of reasons, including the fact that all material or substantial parts of the alleged invention were patented previously by others under United States Letters Patent Nos. 1,677,789 (issued in 1928), 2,360,056 (issued in 1944) and 2,382,428 (issued in 1945), and the further fact that all material or substantial parts of the alleged Coleman invention were published in the United States of America in 1949 (more than one year prior to the filing of the plaintiff's application for a patent in the United States Patent Office) by Dewey and Almy Chemical Company in its Technical Bulletin C–4.

Defendants now move under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. for summary judgment in their favor on the first count of plaintiff's complaint, which alleges infringement by defendants of plaintiff's patent, and for summary judgment in their favor upon their counterclaim which alleges that plaintiff's patent is invalid. Their motion is grounded solely upon the alleged prior publication in Technical Bulletin C-4, which they claim disclosed the essence of plaintiff's invention. Their motion for both forms of relief is supported by the affidavit of Edward Halle, of counsel for the defendants. This affidavit does not even suggest that the affiant has any specialized training or experience in the chemical or manufacturing fields. Upon the argument of this motion, the affiant disclaimed any qualification to testify as an expert. Annexed to the moving affidavit are copies of (1) Technical Bulletin C-4 published by Dewey and Almy Chemical Company, dated May 1949; (2) the final rejection, on July 2, 1953, of plaintiff's original application by the United States Patent Office Examiner; (3) the decision of the Board of Appeals of the United States Patent Office, dated March 16, 1955, rejecting plaintiff's claims; (4) plaintiff-applicant's amendments of his specifications and claims made after the Board of Appeals of the United States Patent Office rejected his claims on March 16, 1955; (5) a summary of his interview with the Examiner on March 30, 1955, dated April 2, 1955; (6) United States Letters Patent No. 2,710,660 granted June 14, 1955. From these exhibits it appears, as stated in the moving affidavit, that plaintiff, through its attorney, and "as a part of its argument in securing the patent, furnished the technical bulletin of May 1949, issued by the Dewey and Almy Chemical Co. * * *" to the United States Patent Office. Defendants contend, as stated in the moving affidavit of their counsel, "that a perusal of Exhibit E herein (the technical bulletin published in May, 1949) discloses all the features of applicant's claimed invention, * * * that this publication * * * is a description of the patented invention in a printed publication in this country, and is a statutory bar to the validity of plaintiff's patent." Upon these exhibits and this opinion of counsel, defendants seek summary judgment as hereinabove stated.

In opposition to this motion, plaintiff has submitted the eleven-page affidavit of Judah B. Felshin, a graduate mechanical engineer (Stevens Institute of Technology 1922), a member of the bar of the District of Columbia and the State of New York, admitted to practice in the United States District Courts and Circuit Courts of Appeal, an examiner in the United States Patent Office from 1924 to 1928, a patent lawyer since 1928. This affiant analyzes the claims of the patent, the Technical Bulletin published May 1949, the moving affidavit and its exhibits and the proceeding in the United States Patent Office leading to the issuance of the United States Letters Patent in question and states it to be his opinion, based on his experience

"that the publication relied on by defendants on this motion is not an anticipation of the claims of the patent and that the patent shows invention over said publication."

"In my opinion, it is quite clear that a person skilled in the art could not on the basis of Bulletin C-4 be led to modify polystyrene with a Buna S having a high styrene content in order to change the polystyrene from a brittle, hard, unsuitable material for battery holddown frames into one that has the necessary physical and mechanical characteristics."

Plaintiff has also submitted in opposition to this motion the twelve-page affidavit of Isadore Miller which indicates that the affiant has been engaged in various phases of the chemical industry continuously since 1910, with

emphasis during the past twenty years on all phases of the plastic industry, including work with cellulosics, vinyls and polystyrenes. This affiant analyzes the patent and Technical Bulletin C-4 and states it to be his opinion that:

"1. Bulletin C-4 is not an anticipation of the invention of the suit patent; and

"2. The claims in said patent involve invention over the Bulletin C-4."

In addition, plaintiff submitted the affidavit of its Executive Vice President to show "the great success and commercial acceptance of the plaintiff's plastic battery hold-down frame" which plaintiff attributes to "the inventive concept embodied in the suit patent". A recital of the papers submitted to the Court would not be complete without mention of the comprehensive and concise memorandum and reply memorandum of the attorneys for the plaintiff, to each of which David B. Kirschstein, Esq. appears to have made a substantial contribution.

Defendants ask this Court to declare invalid, on affidavits and without a trial, a patent issued after examination of the claims by experts in the Patent Office, in reliance upon an attorney's ex cathedra statement as to the meaning of a technical bulletin which was before the Primary Examiner of the Patent Office in connection with the application for the suit patent. Defendants assume that the Court can determine summarily that there is no genuine issue of a material fact upon reading the technical bulletin and the other exhibits attached to the moving affidavit. They attribute to the Court a special knowledge and a skill in the art which qualifies it to read the proffered documents so understandingly as to make such a summary determination. Candor compels the Court to disclaim the requisite knowledge and skill and to decline to make a presumptuous display of scientific proficiency.

It requires no citation of authority for the general proposition that a motion for summary judgment may be granted only upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In the absence of such a showing the motion shall be denied. Any reasonable doubt should be resolved against the movant. 6 Moore's Federal Practice, 2d Ed., § 56.02, pp. 2012-2013; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464; Doehler Metal Furniture Co. Inc. v. United States, 2 Cir., 1945, 149 F.2d 130. This general rule is applicable to patent cases. 6 Moore's Federal Practice, 2d Ed. § 56.17 (44). A patent is presumed to be valid and the burden of establishing its invalidity rests on the party asserting it. 35 U.S.C.A. § 282. This presumption may be stronger if the prior art raised against it was considered by the Patent Office when it granted the patent. Kute Kiddies Coats, Inc. v. Greenblatt, D.C. S.D.N.Y.1950, 11 F.R.D. 95, 97. The presumption of validity may be strengthened likewise where the prior publication raised against it in this case was considered by the Patent Office when it granted this patent. Although commercial success does not determine either invention or the validity of a patent, it may be a convincing factor in a doubtful case. S. H. Kress & Company v. Aghnides, 4 Cir., 1957, 246 F.2d 718, 721.

The summary judgment procedure provided by Rule 56 of the Federal Rules of Civil Procedure is not ordinarily appropriate for the disposition of a patent case for a number of reasons, including those stated in Long v. Arkansas Foundry Company, 8 Cir., 1957, 247 F.2d 366, 369. These reasons suggest why the courts, including the courts of this circuit, treat with caution motions for summary judgment in patent cases. Jacob Elishewitz & Sons, Co. v. Bronston Bros. & Co., 2 Cir., 1930, 40 F.2d 434; Frank v. Western Electric Co., 2 Cir., 1928, 24 F.2d 642.

There are genuine issues of material fact in this case which cannot and should not be determined summarily. Motion denied. The attorneys for the plaintiff will settle order on notice.