INTERSTATE COMMERCE COMMISSION v. LOUISVILLE & N. R. CO. et a

(Circuit Court, S. D. Alabama. December 12, 1899.)

1. APPEAL—INJUNCTION—SUPERSEDEAS.

A decree granting an injunction is not superseded by an appeal from the decree, even though all the requisites for a supersedeas be complied with. Hovey v. McDonald, 3 Sup. Ct. 136, 109 U. S. 161, 27 L. Ed. 888; Leonard v. Land Co., 6 Sup. Ct. 127, 115 U. S. 468, 29 L. Ed. 445: Knox Co. v. Harshman, 10 Sup. Ct. 8, 132 U. S. 14, 33 L. Ed. 249.

2. SAME.

A court rendering a decree granting an injunction has the power, if the purposes of justice require it, to order a continuance of the status quo until a decision shall be made by the appellate court, or until that court shall order the contrary, and the power should always be exercised when any irremediable injury may result from the effect of the decree as rendered. Hovey v. McDonald, 3 Sup. Ct. 136, 109 U. S. 161, 27 L. Ed. 888; Leonard v. Land Co., 6 Sup. Ct. 127, 115 U. S. 468, 29 L. Ed. 445.

3. SAME.

So long as an appeal remains unperfected, and the cause has not passed into the jurisdiction of the appellate tribunal, it continues subject to the general power of the circuit court over its own judgments, decrees, and orders during the existence of the term at which they are made. Smelting Co. v. Billings, 14 Sup. Ct. 4, 150 U. S. 31, 37 L. Ed. 986; Goddard v. Ordway, 101 U. S. 752, 25 L. Ed. 1040.

4. JUDGMENT—VACATING.

During the term at which they are made, the judgments, orders, and decrees of courts are under their control, and may be set aside or modified,

as law or justice may require.   Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872.

5. SAME—ACT TO REGULATE COMMERCE.

The sixteenth section of the act of February 4, 1887 (24 Stat. c. 101), to regulate commerce, as amended by the act of March 2, 1889 (25 Stat. c. 382), under which resort to the circuit court can be had for the enforcement of lawful orders or requirements of the interstate commerce commission, provides that, "when the subject in dispute shall be of the value of two thousand dollars or more, either party to such proceeding before said court may appeal to the supreme court of the United States, under the same regulations now provided by law in respect of security for such appeals; but such appeals shall not operate to stay or supersede the order of the court, or the execution of any writ or process thereon."   Railroad v. Behlmer, 169 U. S. 645, 42 L. Ed. 889.   Said provision of the act to regulate commerce relates only to the effect of an appeal, and it does not deprive the circuit courts of their right of control over their own decrees during the term at which they are rendered, and before an appeal is prayed.

In Equity.   On petition by defendants for suspension of decree and supersedeas of injunction.

Fuller E. Calloway filed a petition before the interstate commerce commission against the Louisville & Nashville Railroad Company, the Western Railway of Alabama, and the Atlanta & West Point Railroad Company, alleging violations by said defendants of certain provisions of the act to regulate commerce; and such proceedings were had upon said petition that said commission ordered, in effect, that said defendants cease and desist from charging rates for the transportation of the several kinds or classes of freight from New Orleans, La., to La Grange, Ga., which are higher than defendants' rates from New Orleans to Atlanta, Ga.   See Calloway v. Railroad Co., 7 Interst. Commerce Com. R. p. 431.   The defendants, conceiving that said order made by the commission was illegal, declined to obey it; and thereupon said commission filed a petition in the circuit court of the United States for the Southern district of Alabama against said defendants, to compel them to obey said order.   Such proceedings were had in said court that on December 2, 1899, it was decreed by the court that a writ of injunction issue, as prayed for in said petition, restraining the defendants from further continuing disobedience of said order, and enjoining obedience to the same.   On December 7, 1899, pursuant to said decree, an injunction was issued from said court enjoining said defendants, in effect, from charging rates for the transportation of the several kinds or classes of freight from New Orleans, La., to La Grange, Ga., which are higher than defendants' rates from New Orleans to Atlanta, Ga.   During the same term at which said decree of December 2, 1899, was rendered, said defendants, on December 11, 1899, filed a petition in said court, in which they averred, among other things, that to reduce the rates from New Orleans to La Grange, so as to make them not higher than the rates from New Orleans to Atlanta, will necessitate a reduction in the La Grange rates on each and every class of freight, ranging from 9 cents per 100 pounds on class D, to 40 cents per 100 pounds on class 1; that, by combining said reduced rates from New Orleans to La Grange with local rates prevailing from Le Grange, material reductions will have to be made in the rates from New Orleans to every local station on the Atlanta & West Point Railroad, from and including Newnan, Ga., to and including West Point, Ga.; that said reduced rates from New Orleans to La Grange will be materially lower than the rates from New Orleans to every local station on the Western Railway of Alabama, from and including Cusseta, Ala., to and including Seven Mile, Ala.; that, if defendants shall accept said reductions in rates from New Orleans to said local stations, the loss will be irremediable, because defendants will have no right of action to recover back the difference between such reduced rates and the present rates, and, if defendants have such right of action, they will be forced to bring a multiplicity of suits against the various shippers and consignees to enforce said right; and that if defendants shall fail or refuse to reduce the rates from New Orleans to said local stations on the Western Railway of Alabama, so as to make them

as low as the La Grange rates, defendants will be subjected to a multiplicity of suits by shippers and consignees at said local stations for violating the long and short haul clause and other provisions of the act to regulate commerce. Said petition averred that defendants contemplated praying an appeal from said decree of December 2, 1899, and defendants offered therein to keep an account of all shipments from New Orleans to La Grange, and to execute a bond to refund to shippers and consignees at La Grange all such amounts as may be collected by defendants, pending said appeal, as shall be in excess of said reduced rates to La Grange as ordered by the interstate commerce commission. Said petition prayed that the execution of said decree of December 2, 1899, be suspended, and that said injunction be suspended and superseded, pending said appeal. Said petition was submitted upon brief and oral argument by the solicitor for defendants, and the United States district attorney, on behalf of said commission, opposed the granting of the prayer.

L. A. Shaver and M. D. Wickersham, U. S. Dist. Atty., for complainant.

Ed. Baxter, for defendants.

TOULMIN, District Judge. This cause came on further to be heard on this, the 12th day of December, 1899, upon the previous proceedings, and the petition filed herein, on the 11th day of December, 1899, by said defendants, praying for a suspension of the decree rendered herein on December 2, 1899, and for a suspension and supersedeas of the injunction issued herein on December 7, 1899, pending the appeal, which said defendants desire to pray from said decree. And, it appearing to the court that said defendants may be subjected to irreparable injury and to a multiplicity of suits if said decree and injunction should be enforced pending said appeal, it is ordered, adjudged, and decreed by the court that, pending said appeal, said defendants keep an accurate account of each and every shipment of freight made from New Orleans, La., to La Grange, Ga., over their line, showing the dates of shipment, names of consignors and consignees, the class and weight of freight carried, and the rate of freight charged, and make reports thereof to this court once every three months, pending said appeal; and that said defendants execute bond, with sufficient surety, to be approved by the court, payable to the United States of America, for the benefit of whom it may concern, in the penalty of $5,000, conditioned that, if said defendants fail to prosecute said appeal to effect, they will promptly pay to such person or persons as may be entitled thereto such amounts as said defendants may collect from such person or persons, for the transportation of freight from New Orleans to La Grange, pending said appeal, over and above the reduced rates from New Orleans to La Grange, as ordered by said commission and decreed by this court. And thereupon said defendants executed said bond, and the same was approved by the court, and it was ordered, adjudged, and decreed by the court that said decree be suspended, and that said injunction be suspended and superseded pending said appeal.