# CHARLESTON.

KANE & KEYSER HARDWARE CO. v. W. H. COBB *et al.*

Submitted February 6, 1917.    Decided February 13, 1917.

1. JUDGMENT—*Construction—Opinion.*

   Courts of record speak through the judgments or decrees entered upon their records, and where a judgment or decree is unambiguous an opinion delivered by the judge rendering it at the time the same is entered will not be looked to to give such judgment or decree an effect different from that which clearly follows from the language used.   (p. 589).

2. MECHANICS' LIENS—*Rights of Sub-contractor—Interest.*

   The effect of our mechanics lien laws is to give to a party doing work or furnishing material for the construction of a building, when such party is a sub-contractor, the same right to subject the building to the satisfaction of his claim as he has against the principal contractor, and in case he resorts to a lien upon said building to satisfy his claim for work done or material furnished thereon, he is entitled to collect interest from the time his debt is due and payable.   (p. 590).

3. APPEAL AND ERROR—*Findings—Conclusiveness.*

   The findings of a commissioner based upon conflicting evidence and confirmed by the circuit court is entitled to great weight on appeal, and will not be reversed unless plainly wrong.   (p. 591).

Appeal from Circuit Court, Randolph County.

Suit to enforce mechanics' liens by Kane & Keyser Hardware Company against W. H. Cobb and others.   Decree for plaintiff, and defendant Cobb appeals.

*Affirmed.*

*Arnold & Arnold,* for appellant.

*Talbott & Hoover,* for appellee.

RITZ, JUDGE:

In the year 1903 the defendant W. H. Cobb, being the owner of a lot in the City of Elkins, entered into a contract with the defendants Hobbs & Company to erect for him on said lot a three-story building at the contract price of $35,797. The contractors entered upon the work, but before the com-

pletion of the building became embarrassed to such an extent that an involuntary petition in bankruptcy was filed against them in the Federal District Court. The plaintiff and the defendants L. C. Wolfe and The Randolph Company, a corporation, had furnished material to the contractors to be used in the construction of this building, and they gave notice to the owner and filed their mechanics liens in the office of the clerk of the County court of Randolph county against the building of the defendant Cobb for the amounts remaining unpaid to them by the defendants Hobbs & Company. This suit was then brought to enforce such mechanics liens. Shortly after the institution thereof such proceedings were had on the involuntary petition in bankruptcy against the contractors that they were adjudged bankrupt, and after a trustee in bankruptcy had been appointed a petition or bill was filed in the Federal District Court asking that the plaintiff here and the other defendants holding mechanics liens be enjoined from prosecuting this suit until the estate of Hobbs & Company was wound up in the bankruptcy court. This relief was granted. The trustee in bankruptcy under authority from the court of bankruptcy completed the building, as well as some other contracts which Hobbs & Company had, and upon the completion of it, and the payment of the expenses of such completion, there remained out of the contract price the sum of $1,492.29. The bankruptcy court then decreed that the parties holding the mechanics liens, which are in question here, were entitled to be preferred to the general creditors in the distribution of this sum of money, and fixed the amount of their debts, as follows: ''And the Court doth further find ascertain and decree that the amount of surplus collected or to be collected by said Trustees as assets of Hobbs & Company on account of the contract for the erection of the W. H. Cobb building, is the amount ascertained and reported by said Special Master in his report to-wit: the sum of $1492.-29, and that the debts owing by Hobbs & Company entitled to participate in the distribution of said $1492.29 (after paying thereout its proportionate share of the costs and allowances in this proceeding) are the following that is to say: The Kane & Keyser Hardware Company $2711.11; The Kane

& Keyser Hardware Company $46.84; The Elkins Planing Mill Company $412.98; The Randolph Company $299.24; L. Creed Wolfe $458.53." Under this direction the trustee in bankruptcy paid out of the $1492.29 the share of the costs and allowances made in said bankruptcy case properly chargeable against this fund, to-wit, the sum of $758.09, and the remainder he disbursed to the holders of the mechanics liens ratably.

The circuit court in ascertaining the amount of the liens involved in this suit gave credit for the amount actually received by the creditors, but the appellant claims that their liens should have been credited with the total amount of the $1492.29. The decree entered by the Federal District Judge, as appears from the quotation above, provided for the payment of the proportionate part of the costs and allowances out of this fund, and the distribution of the balance of it to these lien creditors. We think this was the decree which was justified by the circumstances. There was no reason for these mechanics lien holders being brought into the bankruptcy proceeding, and their right to enforce their lien suspended, except for the benefit of the appellant Cobb, in order that it might be determined how much would be paid on these liens out of the estate of the contractors Hobbs & Company before appellant was compelled to pay the balance. Whatever expenses or costs were incurred in ascertaining this amount and in having its application made to the debts was for his benefit, and he was properly charged with it. Even if this were not true the decree of the bankruptcy court is conclusive upon this question, and it is unambiguous in its direction. It is insisted by the appellant, however, that the opinion of the Federal District Judge handed down at the time that his decree was entered contains a contrary direction, and provides that the total amount of the $1492.29 should be credited upon the debts, notwithstanding that part of it is taken for the payment of costs and expenses. Judgments and decrees entered by courts are the instruments through which they elect to speak, and while we might look to the opinion of the judge delivered at the time the decree was entered to explain the meaning of ambiguous or equivocal terms in the decree

if there were such, we cannot look to the opinion in this case because the decree is unambiguous and clearly expresses upon its face the disposition to be made of this fund. There is no merit in this assignment of error.

In ascertaining the amounts due to the various mechanics lien holders the circuit court allowed interest upon the debts from the time they were due until the date of the entry of the decree. This is complained of, and it is insisted by the appellant that the holders of these mechanics liens are not entitled to interest; that he is not withholding any money which he owes to the creditors, but that he is simply made to pay another person's debt, by reason of the mechanics lien statute; and that because the mechanics lien statute does not provide that interest shall be allowed upon said debts he should not be compelled to pay it. The effect of the mechanics lien statute is to put the property upon which the work is done, or for the construction of which the material is furnished, in the place of the contractor, and to make such property liable to the same extent and as fully as the contractor himself is liable to the party performing the work or furnishing the materials. This view is fully sustained by all of the authorities. Jones on Liens, Section 1609; Philipps on Mechanics Liens, Sec. 214; Boisot on Mechanics Liens, Sec. 656; Rockel on Mechanics Liens, Sec. 126; 20 Am. & Eng. Ency. Law, p. 451; *Bailey* v. *Hull,* 11 Wis. 289 (78 Am. Dec. 706) ; *Forbes* v. *Willamette Falls Electric Co.,* 19 Oregon 61 (20 Am. St. Rep. 793).

It is contended further that the lien of the Kane & Keyser Hardware Company is invalid, or at least partially so, for the reason that it appears that notice was not given of the intention to file a mechanics lien within thirty-five days after the material was furnished. This notice was given within thirty-five days after the last items of material were furnished, but the greater part of it was furnished more than thirty-five days prior to the giving of the notice. It sufficiently appears from the evidence that all of the material furnished for this building by the plaintiff was furnished under a contract or arrangement between it and the principal contractor for furnishing all of the hardware to be used

in this building so long as it would do so at the market price. Under this agreement it furnished the hardware desired by the principal, contractor during the progress of the work at such times as it was needed and charged therefor the price agreed upon. "Where it is specially agreed or impliedly understood between the parties that the account is to be kept open and continued as one and the same continuous transaction and course of dealing, the account will be considered as one continuous account and one demand." 15 Am. & Eng. Ency. of Law, 40. Such was the case here as found by the circuit court and this finding appears to be justified from the facts shown.

The validity of the lien in favor of The Randolph Company is also questioned, the ground of, complaint being that some of the material at least included in the account was not used in the construction of the building. This was a controverted question of fact. The commissioner found in favor of the validity of the lien; found as a matter of fact that the material was used in the construction of the building. The circuit court confirmed this finding and it not appearing to this court that the same was clearly wrong such finding of fact by the commissioner, confirmed by the circuit court, will not be disturbed here.

The lien claimed by L. C. Wolfe is also attacked, it being contended that notice of his purpose to claim a mechanic's lien was not given within thirty-five days after he completed his contract for the plastering. It appears that the greater part of his work was done more than thirty-five days before he gave notice of his intention to file a lien. It appears from his testimony that he could not complete his contract, however, until the finishing was placed in the building; that after this finishing was done he pointed up the plastering around the casings and put the white coat on the top floor; that this he was required to do under his contract, and also was directed to do by a written order from the contractor. The appellant insists that he did this work simply to have an item of work within thirty-five days of the time he gave the notice. This was a question of fact to be determined by the commissioner before whom the cause was heard. The com-

missioner having found in favor .of the lienor, and his findings being confirmed by the circuit court, the same will not be disturbed by this court under the circumstances appearing in this case.

Finding no error in the decree complained of we affirm the same.

*Affirmed.*