## AMERICAN FOUNDRY EQUIPMENT CO. v. WADSWORTH.

(Circuit Court of Appeals, Sixth Circuit. June 7, 1923.)

### No. 3888.

Patents ☞327—Interlocutory decree does not render questions of validity and infringement res judicata, as affecting another suit; "final decree."

An interlocutory decree of a District Court, finding a patent valid and infringed, is not a final adjudication, which renders such questions res judicata as between the parties in a suit in another jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by the American Foundry Equipment Company against Howard L. Wadsworth. From an order dismissing its supplemental bill, complainant appeals. Affirmed.

Jesse B. Fay and Horace B. Fay, both of Cleveland, Ohio, for appellant.

A. Miller Belfield, of Chicago, Ill., and Hull, Brock & West, of Cleveland, Ohio, for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Paintiff brought this suit in the District Court below for infringement of United States patent to Stockham, No. 823,-710, June 19, 1906, and for injunction and accounting. Plaintiff had previously brought suit in the United States District Court for the Eastern District of Wisconsin, against the L. J. Mueller & Son Company, for infringement of the same patent, in which suit defendant in the instant suit intervened and took over the exclusive direction and control of the entire defense. In the Wisconsin suit an interlocutory decree was entered, finding two claims of the patent valid and infringed, and ordering the usual injunction and accounting for profits and damages. Defendant is admittedly bound by that decree as fully as if actually defendant of record. An appeal from the decree of the Wisconsin court was taken to the Circuit Court of Appeals for the Seventh Circuit, was perfected, and is still pending in that court. 292 Fed. ——. The appeal before us is from an order of the District Court below, dismissing the supplemental bill filed in the instant cause by plaintiff, under leave therefor, by the court below, in which the decree in the Wisconsin case is set up as an adjudication of the controversy in the instant case. This appeal presents the sole question whether the decree of the District Court for the Eastern District of Wisconsin is a final decree, and so res judicata as between the parties to the instant suit.

We think the decree of the District Court is plainly not a final decree. Should it be affirmed by the Circuit Court of Appeals, it would thereby become the decree of that court, and would be final so far as action by the District Court is concerned; that is to say, the District Court would thereafter be powerless to modify the decree, except as permitted by the Circuit Court of Appeals. Eastern Cherokees v. United States, 225 U. S. 572, 582, 32 Sup. Ct. 707, 56 L. Ed. 1212; Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 297, 298, 37 Sup. Ct. 506, 61 L. Ed. 1148; National Brake Co. v. Christensen, 254 U. S. 425, 429 et seq., 41 Sup. Ct. 154, 65 L. Ed. 341; Bissell Co. v. Goshen Co. (C. C. A. 6) 72 Fed. 545, 560; Raydure v. Lindley (C. C. A. 6) 268 Fed. 338, 340. But the decree of the District Court, when pronounced, was not final, but was merely interlocutory, and that court still had power to change it previous to final determination subsequent to the accounting. McGourkey v. Railway Co., 146 U. S. 536, 545, 13 Sup. Ct. 170, 36 L. Ed. 1079; Merriam Co. v. Saalfield Co., 241 U. S. 22, 24 et seq., 36 Sup. Ct. 477, 60 L. Ed. 868; Simmons v. Grier, 258 U. S. 82, 89, 42 Sup. Ct. 196, 66 L. Ed. 475; Bissell Co. v. Goshen Co., su-

pra, 72 Fed. at page 551, 19 C. C. A. 25; Brush Co. v. Western Elec. Co. (C. C. A. 8) 76 Fed. 761, 764, 22 C. C. A. 543. This being so, the effect of the pendency of appeal upon a final decree is not important.

The order of the court below, dismissing plaintiff's supplemental bill, is affirmed.