## ROTHSCHILD & CO., Inc., v. MARSHALL.
### No. 6206.

Circuit Court of Appeals, Ninth Circuit.
Oct. 27, 1930.

Rehearing Denied Dec. 6, 1930.

John W. Roberts, E. L. Skeel, Tom W. Holman, and W. E. Evenson, Jr., all of Seattle, Wash. (Roberts, Skeel & Holman, of Seattle, Wash., of counsel), for appellants.

Sam L. Levinson, of Seattle, Wash., for appellee Hedin.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WEBSTER, District Judge.

This appeal arises out of statutory proceedings instituted by appellants in the District Court to enjoin the enforcement of a compensation award made by a deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act (44 Stat. 1424 [33 USCA §§ 901–950]). Rothschild & Co. is a corporation engaged in the business of stevedoring. The Ocean Accident & Guarantee Company, Limited, is the stevedoring company's insurance carrier. Hedin, the claimant under the act, on March 11, 1929, was in the service of the stevedoring company at Port Angeles, Wash., stowing lumber aboard a vessel there lying in navigable waters. Claiming to have sustained an injury in the course of this employment, he made complaint to the deputy commissioner, who, after a hearing, on September 11, 1929, made an award of compensation as prayed by the claimant. Pursuant to section 21 of the act in question (33 USCA § 921), appellants brought injunction proceedings to restrain the enforcement of the award, upon the ground that it was unsupported by any substantial evidence and was therefore arbitrary and capricious. After reviewing the record, Bourquin, District Judge, filed a memorandum opinion, in which it is stated:

"The evidence is scanty, ambiguous, indefinite, and uncertain in respect to the elements of effect, continuity, and time, and is not legally sufficient to warrant what appears to be the deputy's arbitrary finding. Neither expressly nor by reasonable implication does it appear that the employee has been continuously or at all totally disabled in respect to

any and all employment. * * * The deputy's order is set aside."

This opinion dealt with Hedin's claim and also with that of another claimant seeking compensation under the act. It concluded with these words, "In both cases the deputy commissioner will proceed accordingly." The opinion in full will be found in 36 F. (2d) at page 814.

Thereafter, in due course, a decree was entered pursuant to the opinion, setting aside and enjoining the enforcement of the offending order of award. After the rendition of the memorandum opinion, but prior to the entry of the decree, the deputy commissioner instituted further hearings on the Hedin claim, and proceeded to take additional testimony in support of it. After the final decree was entered, still additional testimony was taken, and on April 29, 1930, the deputy commissioner made and entered a new order awarding compensation to the claimant. Thereafter appellants commenced a new action in the District Court, seeking to enjoin the enforcement of this order, upon the ground that it was made by the deputy commissioner without jurisdiction or authority, and also that it was not supported by substantial evidence. The claim of want of jurisdiction and authority on the part of the deputy commissioner is rested upon the contention that the decree enjoining the first order was res adjudicata, and that after the entry of that decree the deputy commissioner was wholly without authority to take any further action in connection with the Hedin claim. The matter thereafter came on for hearing in the District Court, Neterer, District Judge, presiding, with the result that appellants' contentions were rejected and a decree was entered upholding the new award of the deputy commissioner. From that decree the present appeal is prosecuted.

The principal question for determination in the case is: what was the legal effect of the decree enjoining the enforcement of the order of award made on September 11, 1929? We are not called upon to decide what action might have been taken in the proceeding attacking the first award, or what would have been the legal effect of suppositive orders which might have been made in that case. Our task is to determine the legal effect of what was done. It will be assumed for the purpose of this opinion that the District Court in cases of this character may, when the ends of justice require it or will be subserved by it, remand the case to the deputy commissioner for

further proceedings. The decree as entered by the court by its terms expressly set aside the order then under review, and enjoined its enforcement. The memorandum opinion of Judge Bourquin discloses that in his judgment the evidence in support of the claim was wholly insufficient and that the order of award was arbitrary. The Longshoremen's and Harbor Workers' Compensation Act is of such recent enactment that there is a paucity of authority construing its provisions. It is familiar doctrine, however, that a full and fair hearing on the merits of a claim, or an alleged cause of action, followed by a formal adjudication of the rights of the parties, is a final disposition of the matter in controversy and a bar to its reassertion. The party aggrieved usually has his remedy by appeal, but not by instituting a new action to thrash out the controversy that already has been submitted to judicial arbitrament and has been finally disposed of. Under the Workmen's Compensation Acts of the several states, it seems to be the law that after a claim has been fully litigated in the manner contemplated by the statute, there can be no rehearing or new trial in the absence of a change in conditions justifying a modification of the award. In the present case, after a hearing before the deputy commissioner an award was made; due proceedings attacking it were instituted in the District Court; and, because of utter lack of evidence in support of the claim, the enforcement of the order of award was permanently enjoined.

In Frankfort General Insurance Co. v. Conduitt, 74 Ind. App. 584, 127 N. E. 212, this language will be found:

"While holding that the Industrial Board has the power in case of fraud, duress, or mistake to vacate its approval of a compensation agreement, and to entertain an application for that purpose, such application should be scrutinized closely and cautiously granted. It is important that a case under the Workmen's Compensation Act solemnly adjudicated should not be reopened for the purpose of allowing a party to make a new and distinct case. * * * It is not the policy of such statutes that there be retrial for error as in an ordinary action. Upon the hearing, an award is entered, which for all practical purposes, has the effect of an award of an arbitrator under the common law."

In Odrowski v. Swift & Co., 99 Kan. 163, 631, 162 P. 268, 270, the Supreme Court of Kansas, in a case of this general character, held:

"A judgment for the plaintiff under the Workmen's Compensation Act was reversed, and a judgment for the defendant was ordered, on the ground that a release executed by the plaintiff was a bar to his recovery, unless set aside, and that no sufficient reason for setting it aside had been shown. The plaintiff now asks that the order of this court be modified, so as to direct a new trial, instead of a final judgment. * * * Inasmuch as the plaintiff had full opportunity at the trial of the case to show any sufficient reason why that action should be taken, and failed to do so, we do not think the ends of justice require that he should now be given a second hearing, on the chance that he might be able to better his showing."

The decisions of the state courts in dealing with the kindred question here presented give expression to the principle that there must at some proper point be an end to litigation, and that the parties interested are in justice entitled to have their rights and liabilities settled and to know definitely where they stand. See Schneider on Workmen's Compensation Laws (1922) §§ 553 and 564; Brode's Case, 251 Mass. 414, 146 N. E. 731; Jarka Co. v. Monahan (D. C.) 29 F.(2d) 741.

██ We are not unmindful that the Longshoremen's and Harbor Workers' Compensation Act is remedial legislation and should be liberally construed to the end that its beneficent purposes may be made effective, but the application of this doctrine does not call for the abandonment of fundamental principles of jurisprudence designed to bring litigation to an end. We are constrained to hold, therefore, that where a claimant under the act has fair opportunity to present his case, and the deputy commissioner upon the showing submitted makes and enters an order awarding compensation, and such order is contested in a court of equity, as provided by the act, and a final decree is entered enjoining the enforcement of the award, this is an end of the matter, and that it is not thereafter open to the deputy commissioner to proceed as though no such decree had been entered and to try the case de novo or to take additional testimony in connection with the original claim. Unless this be so, there could be no end to litigation of claims arising under the act. The deputy commissioner after each successive injunction could hold new hearings and make new orders of award ad infinitum. Counsel for the appellees seek to escape the effect of this reasoning by contending that Judge Bourquin in the concluding language

of his memorandum opinion, "the deputy commissioner will proceed accordingly," directed or at least authorized the deputy commissioner to grant Hedin a rehearing and to proceed to take additional testimony in support of his claim. The short, and we think conclusive, answer to this insistence is that courts in determining the rights of parties in litigation before them speak through their judgments and decrees, and where a judgment or decree is plain and unambiguous in its terms, it may not be modified, enlarged, restricted, augmented, or diminished by reference to other documents, including the opinion pursuant to which the judgment or decree in question is entered. The decree of a court of equity is the final and solemn definition of the rights of the parties to the controversy with which the decree deals, and the decree—not the opinion—is the instrument through which the court gives expression to its conclusions.

"The opinion of the Judge is the expression of the reasons by which he reaches his conclusions; these may be consistent or contradictory, clear, or confused. The judgment or decree is the fiat or sentence of the law, determining the matter in controversy, in concise technical terms, which must be interpreted in their own proper sense. It would, we think, be of dangerous tendency to make the force and effect of the most solemn official acts depend upon the various interpretations which ingenuity might suggest to the most carefully considered language introducing them." State v. Ramsburg, 43 Md. 325.

"Courts of record speak through the judgments or decrees entered upon their records, and where a judgment or decree is unambiguous, an opinion delivered by the judge rendering it at the time the same is entered will not be looked to to give such judgment or decree an effect different from that which clearly follows from the language used." Kane Hardware Co. v. Cobb, 79 W. Va. 587, 91 S. E. 454.

██ The decree makes no provision for a rereference of the case to the deputy commissioner, nor does it provide that its entry shall be without prejudice to a new proceeding which the claimant is authorized to institute or prosecute. In terms that leave no room for doubt, the order of the deputy commissioner is set aside and he is permanently enjoined from enforcing it. If the claimant felt that he had not been accorded a full and fair hearing by the deputy commissioner, and that the ends of justice required that he be given additional opportunity to present fur-

ther evidence in support of his claim, the matter should have been called to the attention of the District Judge, with the request that a decree to that effect be entered in the case. But no such action was taken by the claimant. He stood by and allowed a final decree enjoining the enforcement of the compensation award to be entered in the case. Moreover, we are not impressed that the concluding language in the opinion to which we have adverted will bear the construction sought to be placed upon it by counsel for the appellees. The court said, "The deputy commissioner will proceed accordingly." According to what? Why, obviously to what the court had decided, not to what some one may surmise it ought to have decided, or suspect that it intended to decide but did not. The court in its memorandum opinion had held that the testimony before the deputy commissioner was wholly insufficient to support the award. The order of the deputy commissioner was set aside as arbitrary, and it was made plain that in due course the injunction prayed for by appellants would be granted. These were the considerations by which the deputy commissioner was admonished to govern his action accordingly. There is not to be found in the opinion any intimation or hint that the court felt that the claimant had not been afforded a fair hearing or that the ends of justice would be subserved or furthered by granting him additional opportunity to present evidence in support of his claim. The concluding language of the court amounts to no more than a statement that the deputy commissioner will be governed in his action by the conclusions which the court in the opinion had announced. The assumption that by the language employed, Judge Bourquin intended that a rehearing be had, is utterly groundless and gratuitous. To assume that any such thought was in his mind is to ignore his solemn decree and to read into his opinion something which he was not pleased to incorporate in it. There is no language in the Longshoremen's and Harbor Workers' Compensation Act authorizing the deputy commissioner, after a claim has been fully and fairly litigated and determined, to reopen the matter for further testimony or to hear the claim de novo. Neither section 14(h) nor section 19(a) of the act, 33 USCA §§ 914 (h) and 919(a), confers any such power. Salt Lake City v. Industrial Commission, 61 Utah, 514, 215 P. 1047.

Surely it was not the intention of Congress that claims arising under the act in question might be litigated and relitigated without end. Such a procedure is unknown to any Compensation Act to which our attention has been directed or which we have been able to discover. The provision of the act in question, authorizing the deputy commissioner to reopen a case upon the ground of changed conditions, is not applicable to the present case, because there was no change in conditions. All the deputy commissioner did in the second hearing was to allow the claimant to introduce additional testimony in support of his original claim, based upon his condition at the time of its original assertion.

The decree appealed from will be reversed, and the cause remanded, with directions to grant the injunction prayed for by appellants.

WILBUR, Circuit Judge, concurs.