ROTHSCHILD & CO., Inc., et al. v. MARSHALL, Deputy Com'r et al.

No. 693.

District Court, W. D. Washington, N. D.

Nov. 28, 1930.

Roberts, Skeel & Holman and W. E. Evenson, Jr., all of Seattle, Wash., for petitioners.

Vanderveer, Bassett & Levinson, of Seattle, Wash., for defendant Gust Hedin.

BOURQUIN, District Judge.

The instant proceeding is in the nature of a motion to review and explain and amend the final order of injunction or judgment in Hedin's Case, the second case of two reported (D. C.) 36 F.(2d) 814, to conform to the intent of the court and the understanding of court and parties when by the court signed.

Hedin had been awarded compensation by the Commissioner, pursuant to the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.), and his employer and its insurer sought statutory review thereof, alleging the award not to be "in accordance with law," for that was "no evidence to warrant it," and praying that this court "enjoin its enforcement" and to "set aside and modify it to conform to • • • claimant's disability." The award was for total disability from injury to date of the award, and for payment until the disability ended or further order by the Commissioner. The court held that the evidence before the Commissioner was legally insufficient to warrant the Commissioner's finding of total disability, declared his "order is set aside," and directed that the Commissioner "will proceed accordingly."

Some months thereafter a judgment or injunction order was by the complainants presented on notice, which followed the court's decision, whereupon there was some colloquy between both parties and the court whether in form or substance it enjoined further hearing by the Commissioner of the merits of Hedin's claim. All agreed, orally or silently, that it did not, and the order was by the court signed.

The Commissioner further heard the claim, made award, and renewed statutory review failed in the trial court, but succeeded in the appellate tribunal. See (C. C. A.) 44 F.(2d) 546.

The latter court held that the injunction order aforesaid was final and conclusive upon the merits of Hedin's claim, and barred any further consideration of it by the commissioner.

The instant proceeding follows.

Both parties present the affidavit of counsel in respect to the incident when the injunction order was signed, and the court finds that of Levinson conforming to the foregoing is of substantial accuracy.

The determination is necessarily prompt "on circuit," and must be brief.

█ Granting for the sake of argument alone that the appellate tribunal's construction of the injunction order is as sound as it is conclusive, it is the antithesis of the intent of the court and the understanding of court and parties when made. The Longshoremen's and Harbor Workers' Compensation Act is to be reasonably construed to effect its object to award compensation for actual disabilities, partial and total; to that end the Commissioner is authorized to hold as many hearings as conditions require (section 22 [33 USCA § 922]).

█ If his order is "not in accordance with law," in statutory review in the federal court, it "may be set aside." So set aside, in the statute is nothing authorizing the court to go farther and enjoin the commissioner from

rehearing, and an order in accordance with law. The Commissioner, perhaps a layman, the longshoreman often without counsel, nothing in the letter or spirit of the statute limits the longshoreman's right to the hazard of one hearing and a lawful order. On the contrary, it seems clear the statute intends that, if the order be not in accordance with law, that set aside is no obstacle to a rehearing, and an order in accordance with law, no barrier to justice.

When this court set aside the order involved, it directed the Commissioner to proceed accordingly. In respect to the order thus set aside, the Commissioner had no official duty save inaction. And that reasonable construction to do justice and avoid wrong which all ambiguous statutes, orders, judgments, and decrees should have, if possible, should construe the direction to "proceed accordingly" to intend that the Commissioner should take the only official action open to him, viz., rehearing and an order "in accordance with law." Doubts should be resolved in favor of the longshoreman rather than the insurer.

In passing, it may be noted that, instead of directing the Commissioner to take some specific action, the court inadvertently copied appellate tribunals which so often reverse with direction that the trial court "proceed not out of harmony with this opinion"—an order which is often fruitful of much study, argument, conjecture, erroneous guessing, and grief in respect to just what the appellate court intends the trial court shall do.

However, the injunction order inadvertently defeating the intent of the court that the Commissioner should proceed according to statute and his rules to an order in accordance with law, it will now be amended as moved herein and to conform to the foregoing and to the intent by court and parties understood when the order was made.

No laches appear. The circumstances vindicate any delay. So ordered.