## ROTHSCHILD & CO. et al. v. MARSHALL, Deputy Com'r, et al.

### No. 6362.

Circuit Court of Appeals, Ninth Circuit.

Aug. 4, 1931.

John W. Roberts, E. L. Skeel, Tom W. Holman, and W. E. Evenson, Jr., all of Seattle, Wash. (Roberts, Skeel & Holman, of Seattle, Wash., of counsel), for appellants.

Sam L. Levinson, of Seattle, Wash., for appellee Hedin.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

SAWTELLE, Circuit Judge.

This is a second appeal in cases involving substantially the same questions of law and of fact.

On March 18, 1929, Gust Hedin, one of the appellees, filed a complaint before the Deputy United States Compensation Commissioner for the Fourteenth Compensation District, who is the other appellee herein. Hedin claimed to have suffered an injury while stowing lumber for Rothschild & Company, a stevedoring company, one of the appellants, and brought his suit under the

Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950).

On September 11, 1929, the deputy commissioner awarded Hedin compensation. On October 10, 1929, the appellants brought injunction proceedings to restrain the enforcement of the award, and on December 23, 1929, Bourquin, D. J., sitting in the District Court for the Western District of Washington, Northern Division, set aside the order of award, concluding his memorandum opinion with the equivocal words, "the deputy commissioner will proceed accordingly." 36 F.(2d) 814, 816. On February 24, 1930, Judge Bourquin issued a permanent injunction setting aside and enjoining the enforcement of the award.

After the rendition of the memorandum opinion and also after the entry of Judge Bourquin's final decree, the deputy commissioner took additional testimony in the case, and on April 29, 1930, made and entered a new order awarding compensation to the claimant. Thereafter, appellants commenced a new action in the District Court, seeking to enjoin the enforcement of this second award, on the ground that it was made by the deputy commissioner without jurisdiction and authority, and also that it was not supported by substantial evidence. This matter was heard by Neterer, D. J., who, on July 7, 1930, rejected the appellants' contentions and caused a decree to be entered upholding the deputy commissioner's award.

From that decree, an appeal was taken to this court. The decree was here reversed, on October 27, 1930, and the case remanded, with directions to the lower court to grant the injunction prayed for by the appellants. 44 F.(2d) 546.

On December 6, 1930, this court denied a petition for a rehearing on the first appeal, and on December 22, 1930, it denied the appellee leave to file a supplemental petition.

On November 24, 1930, while the appeal was pending in this Court, a "petition for review and correction of judgment" was filed, without leave of this court, before Judge Bourquin, who was again sitting in the District Court for the Western District of Washington. See 47 F.(2d) 919. The petition asked that the decree of injunction of February 24, 1930, be "corrected" so as to "express the true intent of the court," by "inserting therein a provision that the deputy commissioner shall proceed further for the holding of such additional hearings as may be necessary to do justice between the parties." On the same day, a petition for

a rehearing on the first appeal was filed in this court.

On December 4, 1930, Judge Bourquin issued an "amended permanent injunction" "to take effect as of" February 24, 1930, authorizing the deputy commissioner to take further testimony. From this amended order of injunction, the present appeal was taken.

This case hinges upon the validity, sufficiency, and timeliness of the "petition for review and correction" filed by the appellees in the court below. On page 11 of their brief, appellees assert that "whatever may be the form of the petition it is in effect a bill of review and it is entirely proper under the circumstances."

Accordingly, we will test the petition in question according to the canons set for bills of review ever since the days of Lord Bacon.

At the outset, we might observe that there is some authority for the view that fraud might be the ground for a bill of review, even though this principle has been questioned. Cyc. Fed. Proc. vol. 4, §§ 1140, 1141, and 1147, pp. 287, 291, 301–302. But we dismiss as unworthy of consideration the contention in the appellees' brief that the decree of injunction was obtained by fraud, and there is not sufficient allegation, if any, of fraud in the petition. The trial judge, prior to the entry of the decree—as is disclosed in his opinion—had concluded that the award of the deputy commissioner appeared to be arbitrary, that the evidence was "scanty, ambiguous, indefinite and uncertain," etc.

We cannot find that fraudulent practice of any nature has been shown in the proceedings.

In a case decided in 1850, the Supreme Court set forth the grounds on which a bill of review may be filed: "Since the ordinances of Lord Bacon, a bill of review can only be brought for 'error in law appearing in the body of the decree or record,' without further examination of matters of fact; or for some new matter of fact discovered, which was not known and could not possibly have been used at the time of the decree." Kennedy et al. v. Georgia State Bank et al., 49 U. S. (8 How.) 586, 609, 12 L. Ed. 1209. See, also, Hill et al. v. Phelps et al. (C. C. A.) 101 F. 650, 651, and Cyc. Fed. Proc. vol. 4, § 1139, pp. 283, 284.

To relieve against a judgment on the ground of accident or mistake, if it appears at all in a case like the one before us, it must be shown that the complaining party was without fault or negligence. A court is without power to grant relief if it appears that the party alleged to have been aggrieved could have, with proper diligence, prevented the mistake complained of. "Laches, as well as positive fault, is a bar to such relief." Brown v. County of Buena Vista, 95 U. S. 157, 159, 24 L. Ed. 422. As we shall see in a moment no error of law sufficient to sustain a bill of review was apparent on the face of the record.

While the case was on appeal in this court, the District Court was without jurisdiction of the cause and therefore could not enter any order therein. After a decision by this court, the only step that the District Court could take was to obey the mandate of this tribunal, whose decision left the case in exactly the same situation as Judge Bourquin had left it; that is, the condition that, in legal effect, prohibited the plaintiff from presenting further testimony before the deputy, commissioner. Therefore, after a decision by this court, the only way open to the plaintiff looking to a modification or change of the injunctive order so issued by Judge Bourquin was by application to this court.

In other words, Judge Bourquin, as we held, rendered a final judgment in the case, subject to review only on appeal. That being so, the District Court was without power to entertain a bill of review for the modification, amendment, or change of the original injunction.

Reverting to the question of the sufficiency of the bill of review in the present instance, from the foregoing it is clear that a bill of review can be based upon only two grounds:

(a) That the judgment contained an error of law apparent on the face of the record.

(b) That new matter or new evidence was being urged in support of the bill of review.

If the bill of review is based upon ground (a), it must be filed within the time allowed for the filing of an appeal—or three months from the date of the final decree of the lower court. Cyc. Fed. Proc. vol. 4, § 1149, pp. 316, 317; 28 USCA 230; O'Brien, Manual Fed. App. Proc. p. 94. If it be based upon ground (b), we find that it may not be filed in the lower court, even by a nonappealing party, when an appeal has been taken, without leave of the appellate court. Cyc. Fed. Proc. vol. 4, § 1150, p. 318; National Brake & Electric Company v.

Christensen et al., 254 U. S. 425, 430–431, 41 S. Ct. 154, 65 L. Ed. 341; Franklin Savings Bank et al. v. Taylor et al. (C. C. A.) 53 F. 854, 865–866; Suhor et al. v. Gooch (C. C. A. 4) 248 F. 870, 871; American Foundry Equipment Company v. Wadsworth (C. C. A.) 290 F. 195, 196.

There is no basis for a contention that new evidence was offered or produced. On the other hand, as we have seen, there was no error of law apparent on the face of Judge Bourquin's original injunction order of February 24, 1930. This court, in reversing Judge Neterer's award of compensation based upon the additional evidence taken by the deputy commissioner, in effect found no error of law, either on the face of the record or otherwise, in Judge Bourquin's injunction decree, which held that there was no evidence to sustain the first award. We quote at some length from our opinion in the first appeal, since it clearly shows that we found no errors of law in Judge Bourquin's first judgment, which later, while the first appeal was pending, was sought to be corrected by a bill in the nature of a bill of review:

"'Courts of record speak through the judgments or decrees entered upon their records, and where a judgment or decree is unambiguous, an opinion delivered by the judge rendering it at the time the same is entered will not be looked to to give such judgment or decree an effect different from that which clearly follows from the language used.' Kane Hardware Co. v. Cobb, 79 W. Va. 587, 91 S. E. 454.

"The decree makes no provision for a re-reference of the case to the deputy commissioner, nor does it provide that its entry shall be without prejudice to a new proceeding which the claimant is authorized to institute or prosecute. In terms that leave no room for doubt, the order of the deputy commissioner is set aside and he is permanently enjoined from enforcing it. If the claimant felt that he had not been afforded a full and fair hearing by the deputy commissioner, and that the ends of justice required that he be given additional opportunity to present further evidence in support of his claim, the matter should have been called to the attention of the District Judge, with the request that a decree to that effect be entered in the case. But no such action was taken by the claimant. He stood by and allowed a final decree enjoining the enforcement of the compensation award to be entered in the case. Moreover, we are not impressed that the concluding language in the opinion to which we have adverted will bear the construction sought to be placed upon it by counsel for the appellees. The court said, 'The deputy commissioner will proceed accordingly.' According to what? Why, obviously to what the court had decided, not to what some one may surmise it ought to have decided, or suspect that it intended to decide but did not. * * * The assumption that by the language employed, Judge Bourquin intended that a rehearing be had, is utterly groundless and gratuitous. To assume that any such thought was in his mind is to ignore his solemn decree and to read into his opinion something which he was not pleased to incorporate in it." 44 F.(2d) 548, 549.

Where an appeal is allowed all jurisdiction of the suit appealed from is transferred to this court. Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040.

So long as the order of allowance of appeal continued in operation and the case was continued on appeal in this court, it bound the parties. When the appeal is perfected and the cause has passed to the jurisdiction of the appellate tribunal, the District Court is without jurisdiction in the premises. Interstate Commerce Commission v. Louisville & Nashville R. R. Co. (C. C. A.) 101 F. 146. So also after the appeal is decided, the District Court is bound by the decision. City of Seattle v. Puget Sound Power & Light Co. (C. C. A. 9) 15 F.(2d) 794, 795; Kingsbury v. Buckner, 134 U. S. 650, 670, 10 S. Ct. 638, 33 L. Ed. 1047; United States v. Port Washington Brewing Co. et al. (D. C.) 277 F. 306, 314; American Foundry Equipment Co. v. Wadsworth, supra; Ed. Rown, etc. v. Brake-Testing Equipment Corporation et al., 50 F.(2d) 380, decided by this court on June 1, 1931.

The amended decree and judgment of December 2, 1930, is hereby set aside and reversed and the original permanent injunction of February 24, 1930, as previously interpreted by this court, is hereby decreed to be of full force and effect.

Judgment reversed.