ROGERS et al. v. CONSOLIDATED ROCK PRODUCTS CO. et al.

No. 9214.

Circuit Court of Appeals, Ninth Circuit.

June 19, 1940.

Chase, Barnes & Chase, Lucius K. Chase, and Thomas R. Suttner, all of Los Angeles, Cal., for appellant.

Stanley M. Arndt, of Los Angeles, Cal., for appellees Hatch & Van Gelder, and others.

H. W. O'Melveny, Louis W. Myers, Homer I. Mitchell, and Graham L. Sterling, Jr., all of Los Angeles, Cal., for appellees Badgley, Frith, Knight & Taylor, and others.

Gibson, Dunn & Crutcher, J. C. Macfarland, Thomas H. Joyce, and Frederic H. Sturdy, all of Los Angeles, Cal., for appellees Courtright, Dreher, Gay, Ginoux, Witter, and others.

Latham & Watkins, and Paul R. Watkins, all of Los Angeles, Cal., for appellee Consolidated Rock Products Co.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This case comes to us on an agreed statement of facts. It arises out of petitions filed in the court below on May 24, 1935, by Consolidated Rock Products Company and its wholly-owned subsidiaries, Union Rock Company and Consumers Rock and Gravel Company, for relief under Section 77B of the Bankruptcy Act of 1898, as amended. 48 Stat. 912, 11 U.S.C.A. § 207. On the same day the petitions were approved as properly filed and Consolidated was permitted to remain in possession of the properties. Hearing was held June 24, 1935, and on July 2, 1935, the court entered its order continuing Consolidated in possession of the properties.[1] April 28, 1937, Consolidated, Union Bondholders' Committee, and Consumers Bondholders' Committee filed their petition submitting a plan of reorganization dated March 15, 1937. On August 25, 1937, written objections to said plan were filed by E. Blois Du Bois, an owner and holder of both Union bonds and Consumers bonds, and supplemental objections were filed by him on October 21, 1937. After hearing on said plan held on November 1, 1937, the court, on November 3, 1937, ordered the plan and objections thereto (except objections going to constitutionality) referred to a special master, who held hearings from November 8, 1937, to November 17, 1937, and filed his findings and report February 14, 1938. March 4, 1938, Du Bois filed written exceptions to the findings and report of the master; hearing was had before the court on March 7, 1938; on August 8, 1938, the court filed its memorandum of conclusions approving the plan and directing the proponents to prepare findings, etc.; and on September 8, 1938, the court entered its findings and order confirming the plan of reorganization and the findings and report of the master.

The plan of reorganization was before us in Du Bois, etc. v. Consolidated Rock Products Co. et al., 9 Cir., 114 F.2d 102, and is not here set forth. Those interested in the details are referred to our opinion in the above cause, this day filed.

---

[1] For convenience, Consolidated Rock Products Company will be referred to as Consolidated; Union Rock Company as Union; and Consumers Rock and Gravel Company, Inc., as Consumers.

On August 26, 1938, about two weeks prior to entry of the order of confirmation, the appellants, as stockholders, filed in the court below a "Proposal for Changes and Modifications" in the said plan of reorganization. This date was approximately a year after Du Bois first filed his objections, at which time the appellants did not file or offer any objections to the plan, nor did they file exceptions to the master's report of February 14, 1938. Du Bois filed his exceptions to said master's report on March 4, 1938, as noted above.

Because counsel for the debtor, Union Bondholders' Committee and Consumers Bondholders' Committee, the proponents of the plan of reorganization, believed that appellants' proposals for modification of the plan of reorganization would interfere with the entry of the order of confirmation, the appellants and the proponents of the plan entered into a stipulation, dated September 7, 1938, providing for a withdrawal of the proposal without prejudice to renew the same after the entry of the order confirming the plan of reorganization. Thereafter, and on September 17, 1938, for the second time, the appellants filed their proposal for changes and modifications in the plan of reorganization, the terms of which we deem unnecessary to here set down.

E. Blois Du Bois, the objecting bondholder, had his appeal allowed in October, 1938; the case was argued to this court June 5, 1939.

On May 22, 1939, the proposal for changes and modifications came on for hearing in the court below; also noticed for hearing on the same day was a motion of a committee of preferred stockholders to dismiss said proposal. The said petition or proposal for modification was not heard, nor were the merits of the petition inquired into, but the motion to dismiss was granted. On June 5, 1939, the formal order dismissing the "Proposal for Changes and Modifications in Plan of Reorganization" for want of jurisdiction was entered. This appeal is from that order.

The precise question we are asked to decide is whether a stockholder in a corporation, the object of a proceeding under Section 77B of the Bankruptcy Act, should be permitted to present to the bankruptcy court and be entitled to have heard a "Proposal for Changes and Modifications in the Plan of Reorganization" three years and three months from the commencement of the reorganization proceedings, one year and four months after the submission of the plan of reorganization, and one year after objections to the plan were filed by one Du Bois, a bondholder. In considering this question we must keep in mind that a court hearing was had on Du Bois' objections more than nine months prior to the filing by appellants of their "Proposal for Changes and Modifications"; that the plan adopted and Du Bois' objections thereto had been referred to a special master who recommended in favor of the plan six months prior to appellants' first indication of dissatisfaction; and that the bankruptcy court approved the plan prior to the filing of appellants' "Proposal for Changes, etc."

■ The appellees insist that "Appellants, not having intervened below, are not parties to these proceedings, and have no right to appeal." The appellants reply that a court order authorized the filing of their proposed modifications, and point out that a stipulation, dated September 7, 1938, authorized the withdrawal of the proposal and permitted renewal of such proposal after the order of confirmation was signed. Pursuant to said stipulation the District Judge signed an order to that effect which contained the words, "after an order of confirmation herein confirming the plan of reorganization as proposed, said proponents shall be and are hereby authorized to renew their said proposal."

Section 77B provides (48 Stat. 912, 917): "* * * Any creditor or stockholder shall have the right to be heard * * * on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine. * * *"

A petition for leave to intervene was not requisite. Tetzke v. Trust No. 2988, etc., 7 Cir., 85 F.2d 942, 943. Cf. Mercantile Trading Co. et al. v. Rosenbaum Grain Corp. et al., 7 Cir., 83 F.2d 391, 394; Harkins v. Milwaukee & Sawyer Bldg. Corp., 7 Cir., 79 F.2d 478, 479.

■ Moreover, the court below was without jurisdiction in the matter to entertain the "Proposal for Changes and Modifications" at the time when presented by appellants, and the ruling was correct. The court below had already approved the plan of reorganization when appellants first

filed their "Proposal"; then followed the withdrawal of said "Proposal" and the entry of the formal order confirming the plan of reorganization; thereafter the new "Proposal" was filed. Shortly after this Du Bois appealed from the order of confirmation and this court allowed the appeal. Later, it was stipulated that the "Proposal" should be heard in the District Court on May 22, 1939, and prior to said date appellee noticed for the same day a motion to dismiss the proposal for lack of jurisdiction. On May 22, 1939, the appeal of Du Bois from the order of confirmation was pending before this court, of which fact the parties were aware. Obviously, the matter of confirmation of the plan could not be before both the appellate and the inferior court at the same time, and at the hearing counsel for appellants freely conceded the jurisdiction of the District Court to be suspended. Compare Bankers Indemnity Ins. Co. v. Pinkerton, 9 Cir., 89 F.2d 194, 199; First Nat. Bank of Miles City v. State Nat. Bank, 9 Cir., 131 F. 430, 431; Ensminger v. Powers, 108 U.S. 292, 303, 2 S.Ct. 643, 27 L.Ed. 732; Hovey v. McDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888, all cited by appellants. Whether an appeal suspends the jurisdiction of the trial court or dispossesses it altogether we need not inquire, for it is sufficient for our purposes that the appeal leaves the trial court without jurisdiction to proceed further in the case until it receives the mandate of the appellate court. See, also, Berman v. United States, 302 U.S. 211, 214, 58 S.Ct. 164, 82 L.Ed. 204; Rothschild v. Marshall, 9 Cir., 51 F.2d 897, 899. "After a decision by this court, the only step that the District Court could take was to obey the mandate of this tribunal" (Rothschild v. Marshall, supra), at least so far as the decision of this court extended. Kansas City Southern Ry. Co. v. Guardian Trust Co. et al., 281 U.S. 1, 11, 50 S.Ct. 194, 74 L.Ed. 659. If a decree is entered pursuant to the mandate of an appellate court, proper deference to its authority requires that a proceeding to reopen it, whether by rehearing or review, should first be referred to that tribunal. Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 91, 42 S.Ct. 196, 66 L.Ed. 475. It may be true, as appellant suggests, that if the parties stipulated to a different decree than that directed by the appellate court the trial court would not compel them to accept that of the appellate court, but we have no occasion to labor that point here,

because that precise situation is not before us.

■ The District Court was without jurisdiction to entertain the proposals for change and modification of the accepted plan when they were presented. The only action it could take was to dismiss. Besides, all reasonable time for such proposals of alternative plans had long expired.

Affirmed.