### GOGGIN v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.

No. 12498.

United States Court of Appeals,
Ninth Circuit.

Jan. 5, 1951.

Rehearing Denied Feb. 15, 1951.

Gendel & Raskoff, Los Angeles, Cal., for appellant.

Samuel B. Stewart, Jr., San Francisco, Cal., Hugo A. Steinmeyer and Robert H. Fabian, Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant, a receiver appointed pursuant to an arrangement confirmed in accordance with Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., appeals from a denial of his petition to subordinate appellee's claim against the debtor to the claims of the other unsecured creditors. Appellee's claim was originally allowed by the referee in March 1948, and in the succeeding month a petition to review the allowance was filed in the District Court. Meanwhile, a plan of arrangement was prepared under Chapter XI and a second amended plan was filed with the referee in July 1948. This amended plan was confirmed by the referee on July 30. The amended plan purported to reserve to the bankruptcy court the general jurisdiction which it would have had if the debtor had been adjudicated a bankrupt. Similarly, the plan purported to reserve to the receiver all the rights he would have had in the event he had been appointed trustee in bankruptcy.

On July 30, 1948 the receiver filed with the referee the petition to subordinate the claim of appellee. Said petition alleged that appellee had induced other creditors to extend credit to the debtor by knowingly giving false information concerning the debtor's financial condition. The petition was not ruled upon until March 19, 1949, when it was denied by the referee. Meanwhile, in February 1949, the receiver had perfected an appeal to this court from an order entered on January 19, 1949 by the

District Court affirming the order of the referee of March 1948 allowing appellee's claim. The District Court's order of affirmance was ultimately sustained by this court, 183 F.2d 322, certiorari denied 71 S.Ct. 122.

The petition to subordinate now before us was denied by the referee on two grounds: (1) Lack of jurisdiction, and (2) lack of standing, on the part of the receiver, to urge the propriety of subordination.

It is agreed that the bankruptcy court at the inception of these proceedings before it had jurisdiction to pass upon a petition to subordinate appellee's claim, but it is urged that such jurisdiction was lost by the confirmation of the plan of arrangement. The Bankruptcy Act requires that: "Upon confirmation of an arrangement * * * (4) except as otherwise provided in sections 369 and 370 of this title, the case shall be dismissed." § 367, 11 U.S.C.A. § 767. Sections 369 and 370 deal with situations not presented here. Sec. 367(4) standing alone would seem to deprive the bankruptcy court of further jurisdiction to act other than to enter an order of dismissal, but § 367(4) is qualified by § 368, which provides: "The court shall retain jurisdiction, if so provided in the arrangement." 11 U.S.C.A. § 768. These words do not explicitly permit the court to retain a *general* jurisdiction over the entire case by requiring a general reservation of jurisdiction to be included in the plan. It has been suggested that § 368 contemplates only certain types of provisions for retention of jurisdiction, which are explicitly permitted in other sections of the Act. See, 8 Collier on Bankruptcy, par. 9.29, pp. 1244–1246 (14th ed. 1941). For example, the court could continue to issue certificates of indebtedness pursuant to § 344, 11 U.S.C.A. § 744, or to supervise the performance of the provisions of the arrangement pursuant

to § 357(7), 11 U.S.C.A. § 757(7) [1]. It is a rational interpretation of § 357(1), 11 U.S. C.A. § 757(1) [2], to say that it contemplates that the plan itself may settle finally the question of parity, so that it may not be reopened except by appeal from the order of confirmation.

■ We think it is clear that a plan of arrangement need provide no more, in this connection, than a method for subsequent settlement of the question of parity. An arrangement including such a provision would serve the purposes of Chapter XI proceedings as well as any other arrangement and would frequently achieve those purposes more quickly. In analogous proceedings under Chapter X, 11 U.S.C.A. § 501 et seq., the Supreme Court has recognized that the court may properly retain jurisdiction to subordinate claims after confirmation of a plan of reorganization. See, Prudence Realization Corp. v. Geist, 1942, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293; Prudence Realization Corp. v. Ferris, 1945, 323 U.S. 650, 653, 65 S.Ct. 539, 89 L.Ed. 528. A similar recognition, with regard to Chapter XI proceedings, seems implicit in the opinion disposing of Manufacturers Trust Co. v. Becker, 1949, 338 U.S. 304, 70 S.Ct. 127. The plan now before us provides: That creditors of petitioner be divided into classes and that the proposed classes be as follows: * * *

Class D: That there shall next be paid to all other creditors of the above-named debtor, a pro rata dividend in the same manner and with like effect as if an order of adjudication were entered herein, and the trustee in bankruptcy was paying a partial or final dividend, said payments to be made at such time and in such amounts as the court may from time to time, upon the petition of any party in interest, order, and the court to reserve jurisdiction to determine the amount and validity of all

1. "§ 757. Permissive provisions

"An arrangement within the meaning of this chapter may include—

* * * * * * *

"(7) provisions for retention of jurisdiction by the court until provisions of the arrangement, after its confirmation, have been performed; * * *"

2. "757. * * *

"(1) provisions for treatment of unsecured debts on a parity one with the other, or for the division of such debts into classes and the treatment thereof in different ways or upon different terms; * * *".

claims and the classification of said claims and all objections that may be made in respect thereto with like effect and power as if the above-named debtor had been adjudicated a bankrupt, and George T. Goggin was the acting trustee in bankruptcy. That said George T. Goggin, as receiver and disbursing agent, shall have the right to object to any and all claims with like effect as if he were acting in the capacity of trustee in bankruptcy.

■ Read in its entirety, this paragraph does not provide that all unsecured claims are to be treated on a parity, but rather that the question of parity is to be left open for subsequent determination by the court. That the creditors who consented to the arrangement, and the court, in confirming the arrangement, in fact understood that the question of parity was to be left open, is further shown by Article V of the plan, which recites in part that "Bank of America * * * asserts the right to receive dividends upon said claim of Northrop pari passu with other general claims against the debtor, until it has received satisfaction of the total amount of its present claim * * * which position is resisted by the receiver and creditors, and a controversy exists in regard thereto." Moreover, it may be noted that the petition to subordinate, now before us, the denial of which is the subject of this appeal, was filed with the referee on the same day that the referee confirmed the plan of arrangement. We conclude that the court retained jurisdiction to subordinate the claim of appellee, after confirmation of the plan, since the plan itself reserved that jurisdiction pursuant to §§ 368 and 357(7).

■ Having decided that jurisdiction was reserved pursuant to §§ 368 and 357(7), we have remaining the question of whether that jurisdiction was lost because the question of the allowance of the bank's claim and the bank's right to dividends thereon had been decided and an appeal taken therefrom at the time of the hearing of said petition to subordinate, on March 2, 1949. That appeal involved exceptions to the overruling of the receiver's objections to the allowance of the bank's claim among which was the contention that the bank had wrongfully seized, under a claim of banker's lien, certain commercial paper belonging to the debtor; that the claim of the bank that it held a banker's lien be disallowed and that the bank be required to pay to the receiver the value of the seized property. The order of the referee was entered March 16, 1948 and is as follows:

"It is hereby ordered that the receiver's petition for order to show cause against Bank of America Re: Jacques Power Saw Co." be and it hereby is denied; and

"It is further hereby ordered that the objections of the receiver to the claim of Bank of America National Trust and Savings Association heretofore filed herein be and the same are hereby overruled and the prayer for affirmative relief of said receiver be and it is hereby denied; and

"It is further hereby ordered that the claim of Bank of America National Trust and Savings Association filed herein is hereby allowed in the sum of $601,482.80 principal, and interest in the sum of $139.39, from which there shall be deducted the sum of $150,510.71 heretofore received by said claimant from the proceeds of collection items in its possession at the date of filing the petition in the above-entitled proceedings, and subject to the requirement that the net proceeds of the sale of the real property securing said indebtedness and the net proceeds of the remaining uncollected collection items in the possession of said claimant shall be applied in reduction of the balance of said claim; and

"It is further ordered that said claimant shall be entitled to dividends upon the said claim at the same rate paid to unsecured creditors when the remainder of the security held by said claimant has been liquidated and the proceeds applied upon the unpaid balance of said claim."

The appeal was from the order in its entirety.

We are persuaded that the last paragraph of said order decided the question of priority of the bank's claim and the appeal took with it jurisdiction of the referee to

act on that question. Rothschild & Co. v. Marshall, 9 Cir., 51 F.2d 897; Diamond Laundry Corp. v. California Employment Stabilization Comm'n., 9 Cir., 1947, 162 F.2d 398; Rogers v. Consolidated Rock Products Co., 9 Cir., 1940, 114 F.2d 108.

The order appealed from in the instant proceeding is affirmed.